82 So.2d 404

**UNITED STATES STEEL CORP.**

v.

**E. R. DANNER.**

**6 Div. 873.**

Supreme Court of Alabama.

Sept. 15, 1955.

Burr, McKamy, Moore & Tate and Wm. Henry Beatty, Birmingham, for appellant.

Cooper, Mitch & Black, Hugo L. Black, Jr., Birmingham, for appellee.

STAKELY, Justice.

This is a petition for certiorari to review the judgment of the lower court awarding compensation to E. R. Danner (appellee) under the Workmen's Compensation Act. The award was made under the amendment to the act which was approved June 29, 1951, Acts of 1951, p. 426 et seq., which may be found as § 313(1) et seq., Title 26, Article 2A. Under the amendment to the act the contraction of the disease of occupational pneumoconiosis shall be treated as an injury by accident only if (1) the disease arose out of and in the course of the employment, (2) the disease resulted from the nature of the employment in which employee was engaged under such employment, (3) as to the industry in which the employee was engaged there was attached (a) a particular hazard of such disease, (b) the hazard attached to such employment was such as distinguishes such employment from the usual run of occupations and (c) the hazards of such disease in the employment in which the employee was engaged is in excess of the hazards of such disease attending employment in general. "Occupational pneumoconiosis" is defined in § 313(2), Title 26, Article 2A, Code of 1940, Pocket Part.

The plaintiff E. R. Danner had been employed by the defendant in its ore mines in Jefferson County from November 5, 1936, to August 6, 1942, on which latter date he left his employment in defendant's mines and engaged in other work, mostly farming until February 1949 when he was again employed as an electrician wireman's helper for a period of some five months and was reemployed in August 1949 in the Fairfield Tin Mill, where he continued to work for the defendant in various occupations in the tin mill until July 18, 1953. During the last sixteen months of plaintiff's employment by defendant he worked as a craneman, operating an overhead or traveling crane in the tin mill. Tendencies of the evidence showed the following. The crane was about 20 feet off the ground and was in a closed building. The building was about a quarter of a mile long, 50 to 60 feet high and 75 to 80 feet wide. During

the winter months this building was closed up and without ventilation.

E. R. Danner traveled up and down the length of the building on his crane every day and on his trips came close to an annealing process. Some sand dust is created and hoisted into the atmosphere during the annealing process. The plaintiff also came in contact with and breathed dust which was caused by the scaling off from the cooling of iron from red hot metal to cool metal. The plaintiff was also exposed to a dry sulphuric acid dust in his employment. When the tin goes through a pickling process in tanks containing sulphuric acid, after drying it has a fine acid dust on it. This sulphuric acid dust containing particles of metal is the dry sulphuric acid dust to which the plaintiff was exposed. The dust from the various sources to which the plaintiff was exposed was so thick that when he looked into the sun he could see it floating around his crane.

The issue at the trial was whether the plaintiff had been exposed to the hazards of the disease of occupational pneumonoconiosis that distinguished it from the usual run of occupations and was in excess of the hazards of such disease attending employment in general as required by § 313(1), Title 26, Code of 1940, Pocket Part.

The court found in substance, which it had the right to do, that it was reasonably satisfied from the evidence that the hazards from the dust in the tin mill building are beyond the usual and ordinary hazards of the usual and ordinary employment and that the plaintiff was suffering from occupational pneumonoconiosis.

■ In proceedings under the Workmen's Compensation Act, Code 1940, Tit. 26, § 253 et seq., this court has held many times that where there is any legal evidence or reasonable inference from any legal evidence to support the findings of the trial court, such finding is conclusive and the judgment of the court will not be disturbed. Houser v. Young, 247 Ala. 562, 25 So.2d 421; Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 32 So.2d 666; Bass v. Cowikee Mills, 259 Ala. 391, 67 So.2d 12; Lucas v. Black Diamond Coal Mining Co., 262 Ala. 368, 79 So.2d 26.

Dr. Louis L. Friedman, a witness for the plaintiff, was qualified as an expert on the relationship between various occupations and the hazards of pneumonoconiosis. He was asked various hypothetical questions based on the evidence which need not be stated here in detail. He was finally asked the following question: "In your opinion was the job of crane operator during the period described and during the period Mr. Danner worked, a job to which there was attached a hazard of pneumonoconiosis above and beyond the ordinary hazards in an ordinary job?" and to this question he answered, "Unquestionably yes sir."

■ We have considered the record carefully and think that there was evidence to support the finding of the court. Accordingly the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.