143 So.2d 442

William Eugene LESLIE

v.

**REPUBLIC STEEL CORPORATION.**

6 Div. 630.

Supreme Court of Alabama.

July 12, 1962.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

Moore, Thomas, Taliaferro, Forman & Burr, Birmingham, for appellee.

SIMPSON, Justice.

This is a petition for writ of certiorari seeking to review the judgment of the Circuit Court of the Tenth Judicial Circuit in a Workmen's Compensation proceeding, wherein William Eugene Leslie sued the Republic Steel Corporation for certain alleged Workmen's Compensation benefits. The Circuit Court ruled against Leslie on all pleadings superinducing a non-suit on the part of Leslie.

Stripped of redundancy of pleading and boiled down, the question is whether or not Leslie's claim for compensation was barred by the statute of limitations. Stated another way, does the payment of compensation for one injury extend the statute of limitation for another, entirely unrelated, injury?

The original complaint, filed March 21, 1958, claimed Workmen's Compensation based on an injury sustained on March 14, 1957. By amendment the complaint sought to add a claim for compensation for an injury sustained on February 14, 1957. This amendment, however, was not filed until September 12, 1960. The claim of February 14, 1957 was for a separate and distinct injury from that of March 14, 1957, but Leslie argues that the amendment related back to the date of the original complaint so as to toll the running of the statute of limitation. The trial court ruled adversely to this contention, and we are in accord.

The pertinent provision is § 296, Title 26, Code 1940, which provides:

"In case of a personal injury all claims for compensation * * * shall be forever barred unless within one year after the accident * * * one of the parties shall have filed a verified complaint. * * * *Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment.*" (Emphasis ours.)

It is the contention of petitioner Leslie (plaintiff below) that the italicized portion of the proviso, supra, would toll the running of the statute because the respondent corporation had continued paying compensation for his injury of March 14, 1957, even though the added amendment claimed compensation for an entirely different injury sustained on February 14, 1957. But we are not persuaded. Claims based on two different accidents occurring at different times and caused by different reasons constitute two separate and distinct causes of action. Sullivan v. North Pratt Coal Co., 205 Ala. 56, 87 So. 804.

And where a separate and distinct cause of action is added by amendment, the amendment dates as of the time filed and not the date of the original complaint. United States Steel Corp. v. McGehee, 262 Ala. 525(7), 80 So.2d 256.

The foregoing statute provides that a claim for Workmen's Compensation must be filed within one year after the date of the accident or within one year from the last payment of compensation for *that accident*. Payment of compensation does not extend the statute of limitation for any in-

jury unless payment is made or liability acknowledged for that injury. Moss v. Standridge, 215 Ala. 237, 110 So. 17; Determan v. Wilson & Co., 304 P.2d 1060 (Okl.). In the instant case Republic acknowledged and paid only for the injury sustained March 14, 1957 and never recognized any claim for the February 14, 1957 injury.

Petitioner argues that because of Title 26, § 279, subd. (E), par. 5 of the Code, an employee can receive only a certain maximum payment each week and, therefore, any claim filed while receiving the maximum would be premature. We do not so construe the statute. The statute provides that compensation "shall be paid by extending the period". We think the statute contemplates that a claim for one injury may be brought while compensation is being paid for another. See the following where claims for two injuries have been filed at the same time: Herron v. Williams & Voris Lumber Co., 30 Ala.App. 510, 8 So.2d 593, and cases cited.

It results as our conclusion that the ruling below was without error.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.