179 So.2d 281

**George NASON**

v.

**Kermit F. JONES.**

**6 Div. 37.**

Supreme Court of Alabama.

March 4, 1965.

Rehearing Denied Oct. 21, 1965.

J. R. Forman, Jr., Robt. G. Tate and Moore, Thomas, Taliaferro & Burr, Birmingham, for appellant.

Tweedy & Beech, Jasper, for appellee.

LAWSON, Justice.

This is a workmen's compensation case.

On April 2, 1953, Kermit F. Jones instituted this suit by filing his complaint in the Circuit Court of Walker County against his employer.

In his complaint Jones sought benefits, claiming that on April 7, 1952, he had suffered an accident and injury which arose out of and in the course of his employment, in that he was overcome by carbon monoxide fumes and rendered unconscious.

On April 8, 1955, Jones amended his complaint by correcting the name of his employer and by adding averments to the effect that prior to April 7, 1952, he had contracted occupational pneumonoconiosis while working in the defendant's mine and which disease, along with the inhalation of carbon monoxide fumes, rendered him totally and permanently disabled.

On January 15, 1963, the employer, George Nason, filed a plea wherein he averred that the complaint, as amended, was barred by the statute of limitations of one year.

On August 26, 1963, Jones again amended his complaint by adding an additional count

wherein he averred that on, to wit, April 7, 1952, and for some years prior thereto the plaintiff was working in the mines of the defendant in Walker County, Alabama, and that at said time "both the plaintiff and the defendant were subject to the workmen's compensation laws of Alabama; that said mines were coal mines belonging to the defendant which was a hazardous occupation and accumulated a lot of dust; that on, to-wit, April 7, 1952, the plaintiff was overcome by carbon monoxide fumes and other fumes present in said mine and was rendered unconscious and was taken out of the mines and has never worked in the mines again; that his lungs were damaged; that at the time he had pneumoconiosis [sic] dust disease on his lungs, which was caused, aggravated or brought about or hastened his disabling condition to work in the mines; that his disabled condition was brought about or aggravated by these carbon monoxide fumes and other fumes present in said mine which damaged his lungs and he has not worked any coal mines since said date."

To the complaint as last amended, the defendant, on August 26, 1963, interposed a demurrer, which was overruled, a plea setting up the statute of limitations of one year and an answer wherein it was admitted plaintiff and defendant were subject to the workmen's compensation laws on April 7, 1952, and that the plaintiff had been employed by the defendant in underground mining for more than one year prior to April 7, 1952. The answer averred that plaintiff's average weekly earnings were $66.15 per week and that plaintiff "had last worked on April 7, 1952." The answer denied all other allegations of the complaint as last amended.

The case proceeded to trial and at the close of the testimony the trial court took the cause under advisement. On September 30, 1963, a final decree was rendered in favor of the plaintiff.

The defendant filed in this court a petition for writ of certiorari to review the decree of the trial court. The writ was duly issued.

The defendant insists that the trial court erred in holding that the amendments to the complaint were not subject to "the statute of limitations of one year."

The argument is that the amendments to the complaint added a new cause of action so that the amendments dated as of the time they were filed and did not relate back to the date of the filing of the original complaint, "insofar as the statute of limitations is concerned."

Where there is an amendment to a complaint which adds a new cause of action, it does not relate back to the commencement of the suit insofar as the statute of limitations is concerned.—United States Steel Corp. v. McGehee, 262 Ala. 525, 80 So.2d 256; Leslie v. Republic Steel Corp., 273 Ala. 586, 143 So.2d 442.

The question of whether a particular amendment adds a new cause of action has been before this court many times. In the case of Isbell v. Bray, 256 Ala. 1, 53 So.2d 577, we quoted with approval from the case of Alabama Consolidated Coal & Iron Co. v. Heald, 171 Ala. 263, 55 So. 181, as follows:

"* * * 'A new cause of action is not set up by amendment, within the rule governing the statute of limitations in such cases, where the same substantial facts are pleaded merely in a different form, so that a recovery on either count of the complaint would bar a recovery on the other. * * * As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration in the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope * * * of the

testimony.'" (256 Ala. 4, 53 So.2d 579)

The Isbell case, from which we quoted above, did not deal with a statute of limitations question, but the rule of the Isbell case has been stated and followed in cases involving the statute of limitations.—United States Steel Corp. v. McGehee, supra; Ex parte Godfrey, 275 Ala. 668, 158 So.2d 107.

We are clear to the conclusion that in the instant case the amendments add a new cause of action insofar as they seek to recover benefits for occupational pneumonoconiosis.

The cause of the injury claimed in the original complaint was the inhalation of carbon monoxide fumes during a period of several hours and nothing more, while the cause of the disease of occupational pneumonoconiosis is, by definition and under the evidence in this case, the inhalation of minute particles of dust over a period of years.

As early as 1926, in the case of New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360, this court held that a plaintiff who was engaged in coal mining and was overcome by, and rendered unconscious, as a result of breathing carbon dioxide or carbon monoxide gas or both, suffered an accident within the meaning of the Workmen's Compensation Law. In the original complaint plaintiff sought to recover on this theory alone.

The claim of occupational pneumonoconiosis set forth in the amendments is governed by the provisions of Act 180, approved June 29, 1951, Acts of 1951, Vol. I, p. 426; Pocket Parts, 1940 Code of Alabama, Title 26, §§ 313(1)–313(16); 1958 Recompiled Code of Alabama, Title 26, §§ 313(1)–313(16). This 1951 act, supra, made the disease of occupational pneumonoconiosis compensable as an injury by accident under the Workmen's Compensation Law only if (1) the disease arose out of and in the course of the employment; (2) the disease resulted from the nature of the employment in which the employee was engaged under such employment; (3) as to the industry in which the employee was engaged there was attached (a) a particular hazard of such disease, (b) the hazard attached to such employment was such as distinguished such employment from the usual run of occupations, and (c) the hazards of such disease in the employment in which the employee was engaged is in excess of the hazards of such disease attending employment in general. See United States Steel Corp. v. Danner, 263 Ala. 310, 82 So.2d 404.

The injury relied upon in the original complaint is different from the disease of occupational pneumonoconiosis treated in the amendments. The medical testimony presented on the trial of this case was undisputed to the effect that although the inhalation of carbon monoxide fumes might cause death by suffocation, nevertheless if death did not ensue the patient would recover completely, whereas the testimony shows that occupational pneumonoconiosis not only is contracted over a long period of time but is permanent.

Also the defenses which might have been interposed by the defendant to the claim in the original complaint are different from those which could be interposed to the claim of occupational pneumonoconiosis set up in the amendment. In defense of the claim set up in the original complaint the defendant could present in defense thereof that plaintiff did not breathe the carbon monoxide fumes in the mine and that he suffered no disability therefrom. In defense of the claim of the occupational disease, the defendant could assert, among other things, that plaintiff was not exposed, within a period of five years prior to the date of injury, to the hazards of such disease in each of at least twelve months; that as to the industry in which plaintiff was employed by defendant, there was not

attached a particular hazard of such disease that distinguished it from the usual run of occupations and is in excess of the hazards of such disease attending employment in general; that plaintiff did not, in fact, have such disease.

In our opinion, as we have indicated above, the amendments added a cause of action which was inconsistent with and a departure from the original complaint.

■ Since the amendments asserted a new cause of action, they did not relate back to the commencement of the suit. They were not timely filed in that they were not filed within one year from the date of injury, the date on which plaintiff was last exposed to the hazards of the disease, which was on April 7, 1952.— § 10, Act 180, supra.

■ The fact that plaintiff did not discover that he was suffering from occupational pneumonoconiosis until after the expiration of one year from the date of injury did not toll the running of the statute.—Davis v. Standard Oil Co. of Ky., 261 Ala. 410, 74 So.2d 625.

We hold, therefore, that the trial court was in error in awarding to plaintiff benefits based on his claim of having contracted occupational pneumonoconiosis while working in defendant's mine.

■■ The defendant below asserts that the trial court erred in finding that the plaintiff suffered an accident within the purview of the Workmen's Compensation Law on April 7, 1952, by the inhalation of gases and fumes. We do not agree. In our opinion there was some legal evidence to support such a finding. Hence, that finding will not be disturbed here. The rule of review applicable in Workmen's Compensation cases is well established. This court will not look to the evidence to ascertain the weight or preponderance thereof as to any fact found by the trial court, but simply to see if there is any evidence, or reasonable inferences from evidence, to support the facts found by the trial court. If, on any reasonable view of the evidence, it will support the conclusion reached by the trial court, the finding and judgment will not be disturbed. Otherwise stated, the rule is that where there is any legal evidence, or reasonable inference from legal evidence, to support the finding of facts of the trial court, such findings are conclusive, and the judgment rendered thereon will not be disturbed.—Lucas v. Black Diamond Coal Mining Co., 262 Ala. 368, 79 So.2d 26, and cases cited; Horton v. DeLoach, 276 Ala. 357, 162 So.2d 453.

■ The defendant below also insists that the trial court erred in requiring defendant to pay interest to plaintiff on benefits awarded to him from the date on which those benefits were held to have accrued.

Under our holding in Baggett Transportation Co. v. Holderfield, 260 Ala. 56, 68 So.2d 21, the court erred in so decreeing.

Because of the errors indicated, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.

On Application for Rehearing

LAWSON, Justice.

We have given careful consideration to the brief filed in support of appellee's application for rehearing. The record was carefully read and studied before the deliverance of the original opinion, but we have reread it at the insistence of counsel for appellee, who seems to entertain the view that our original opinion was written without our having read the record. We have again read the opinion in Ingalls

Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513.

In appellee's brief filed on rehearing it is pointed out that the trial court found from the evidence that on and prior to April 7, 1952, the plaintiff had occupational pneumonoconiosis, which disease arose out of and in the course of plaintiff's employment by defendant and further found that the inhaling by plaintiff of gases and fumes caused by the burning of coal, silica and other materials on April 7, 1952, aggravated and acting upon the pre-existing disease of pneumonoconiosis. The trial court did so find and the evidence fully supports such a finding. We do not believe that we indicated to the contrary in our original opinion.

Our disagreement with the trial court was in its holding that: "* * * the amendment thereafter filed to the complaint was within the lis pendens and was not subject to the statute of limitations. That it related to the same accident or cause of action and merely set up the result of the injury subsequent to filing the original complaint." The amendments do relate to the same accident as the original complaint but, in our opinion, insofar as they claim benefits because of the contraction of occupational pneumonoconiosis or because of the aggravation of that disease they inject an injury altogether different from that relied upon in the original complaint. The original complaint cannot, in our opinion, be said to claim benefits due to any kind of lung injury, infirmity or disease.

We are still of the opinion that under the case of Alabama Consolidated Coal & Iron Co. v. Heald, 171 Ala. 263, 55 So. 181, from which we quoted in the original opinion, the trial court erred in not holding that the amendments were subject to the plea of the statute of limitations.

Application for rehearing overruled.

. LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.