EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a workmen’s compensation case.
In substance, the complaint averred that, because of the inhalation for three and one-half years of lint created by the machine which she operated for defendant, the plaintiff suffered from “industrial” pneu-moconiosis and pulmonary insufficiency. The proof for both parties was directed towards such averments.
Both the pleadings and the proof were expressly based upon § 25-5-140, et seq., Code of Ala.1975. In § 25-5-140, occupational pneumoconiosis is defined as follows:
(1) Occupational Pneumoconiosis. A disease of the lungs caused by inhalation *1128 of minute particles of dust over a period of time, which dust is due to causes and conditions arising out of and in the course of the employment, without regard to whether or not said causes or conditions are inherent in the employment or can be eliminated or reduced by due care on the part of the employer. The term “occupational pneumoconiosis” shall include, but without limitation, such diseases as silicosis, siderosis, anthracosis, anthrasilicosis, anthracosilicosis, anthraco-tuberculosis, tubérculo-silicosis, silico-tuberculosis, alu-minosis and other diseases of the lungs resulting from causes enumerated in this section.
(2) Contraction of the Disease of Occupational Pneumoconiosis. Such term shall include any aggravation of such disease without regard to the employment in which the disease was contracted.
However, the trial judge awarded compensation to the plaintiff under § 25-5-110, et seq., which ascribes the meaning of “occupational disease” in this manner:
(1) Occupational Disease. A disease arising out of and in the course of employment, other than occupational pneu-moconiosis and occupational exposure to radiation as defined in articles 5 and 7, respectively, of this chapter, which is due to hazards in excess of those ordinarily incident to employment in general and is peculiar to the occupation in which the employee is engaged but without regard to negligence or fault, if any, of the employer. A disease (including, but not limited to, loss of hearing due to noise) shall be deemed an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation or employment as a direct result of exposure over a period of time to the normal working conditions of such trade, process, occupation or employment. The term “occupational disease” shall not include accidents within the meaning of articles 3, 5 and 7 of this chapter.
(2) Contraction of an Occupational Disease. Such term shall include any aggravation of such disease without regard to the employment in which the disease was contracted. (Emphasis supplied.)
The trial judge expressly found that hazards in the plaintiff’s work “aggravated a lung disease” resulting in disability to the plaintiff. Since the pleadings and all of the evidence were directed towards whether or not the plaintiff suffered from a disease or diseases of the lungs caused by inhalation of minute, particles of lint or dust over a period of time, or the aggravation of a disease resulting from such causes; and since § 25-5-140, et seq., is all comprehensive and exclusive (except as to coal mines) as to compensation for such diseases, or the aggravation of such diseases, so caused; and because § 25-5-110 expressly excludes occupational pneumoconiosis (as defined in the above quoted statute) from the very definition of occupational disease, we are of the opinion that the learned trial judge was in error to award compensation to the plaintiff under § 25-5-110, et seq..
We, therefore, must reverse this case and remand it to the circuit court for that court’s decision as to whether or not the plaintiff suffered from occupational pneu-moconiosis as defined by § 25-5-140, et seq. The necessary elements in order to recover compensation under such code sections are outlined and enumerated in Nason v. Jones, 278 Ala. 532, 179 So.2d 281 (1965).
There were other issues raised which do not need our decision since this case must be reversed on the above ground. However, we respectfully suggest that, regardless of what it might be, the future judgment of the lower court on remand be specific as to its “statement of the law and facts and conclusions as determined” by the learned circuit judge. § 25-5-88, Code of Ala.1975; Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204 (1955).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code of Ala.1975. His opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.