WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
Margaret Michael, a check-out cashier employed by Bruno’s Food Stores was injured when she slipped and fell to the floor as she left her checkout station for a break on January 26, 1982. Employee was treated for her injuries and received temporary total disability benefits from January 30 to February 7, 1982. She returned to work until November, when she complained that she was still suffering from back pain caused by her fall. Employer resumed payment of temporary total benefits on November 9, 1982, and continued to make these payments until March 23,1983. During this period employee consulted several *343 physicians. Dr. Clayton Davie, a neurosurgeon, saw employee on March 23,1983, and released employee to return to work. Employer notified employee of Dr. Davies’ release and of their intent to terminate her benefits. Employee claimed that she was not able to return to work. The employer requested that the employee see another neurologist, Dr. Gordon Kirschberg, to resolve the conflict. Employer continued to pay benefits to employee until May 10, 1983, when employee failed to keep her appointment with Dr. Kirschberg. Employee filed a complaint in Jefferson County Circuit Court in June 1983 for workmen’s compensation benefits. Employer answered, denying that employee was permanently injured. After the evidence was given ore tenus, the trial court found that the employee had no permanent partial disability arising from her accident. The court also found that the employee was temporarily totally disabled from May 10, 1983 through March 27, 1984, and awarded to employee accrued benefits in the amount of $7,406.00 plus six percent interest accrued from March 27, 1984. The employee appeals the trial court’s decision and we affirm.
It is axiomatic that our scope of review in workmen’s compensation cases is limited to questions of law and examination of the evidence to determine if there exists any legal evidence to support the trial court’s findings. If there is any such evidence, we must affirm. We have no right to weigh or consider the preponderance of the evidence. Big B Discount Drugs, Inc. v. Parker, 401 So.2d 115 (Ala.Civ.App. 1981); Falls v. Warrior Drilling and Engineering Co., 399 So.2d 854 (AIa.Civ.App.1981).
The record shows that employee was examined on March 27, 1984 by Dr. Gordon Kirschberg. Dr. Kirschberg testified that his examination revealed no physical limitations of the employee, no physical or organic abnormality, no reason that employee could not perform her work, and no disability. Thus, there is legal evidence to support the trial court’s finding of no disability.
The decision of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.