On Application for Rehearing
The opinion of December 17, 1999, is withdrawn, and the following is substituted therefor.
Rocky Sagely sued his employer, ABC Rail Products Corporation ("ABC"), on July 8, 1998, to recover workers' compensation benefits for injuries he had sustained to his shoulder and neck on October 17, 1995, during the course of his employment. ABC answered on August 17, 1998, admitting liability for the shoulder injury, but denying liability for the neck injury and raising the statute of limitations as a defense to the claim based on that injury. Following an ore tenus proceeding, the court, on February 17, 1999, entered the following order:
 "In this case, the plaintiff claims workers' compensation benefits for separate injuries to his right shoulder and the cervical region of his neck, both of which the plaintiff relates to an October 17, 1995, accident which took place while he was working as a machine operator at the defendant's rail car wheel plant in Calera, Alabama. ABC Rail has paid compensation benefits and medical expenses for the injury to the plaintiff's shoulder, but denied from the outset any benefits for the neck-injury claim. In its answer to the complaint, the defendant denied a work-related injury involving the neck, and asserted the defense of the statute of limitations.
 "This case was tried on February 3, 1999, and based on the stipulations of the parties, the medical records and other evidence presented at that time, the Court makes the following findings of fact:
 "1. On October 17, 1995, the plain-tiff suffered an injury to his shoulder while employed by ABC Rail when he slipped in some oil and fell on his side.
 "2. The plaintiff's average weekly wage for the 52-week period prior to the October 17, 1995, injury was $1,048.03 per week.
 "3. The plaintiff lost a total of 45 weeks of work because of his shoulder injury, for which he received temporary total-disability payments at the then maximum rate of $443 per week for a total of $19,935. The Court finds that none of this time off from work was necessitated by the claimed neck injury. Although the plaintiff occasionally complained of neck pain following his accident, it is clear from the evidence that he was taken off work because of problems with his shoulder, for which he underwent two surgical procedures in January and July of 1996. Medical records also indicate that the plaintiff's neck pain improved for months at a time, following which he would again complain of occasional pain in his neck.
 "4. The plaintiff reached MMI [`maximum medical improvement'] from his shoulder injury and returned to work on November 13, 1996.
 "5. On November 26, 1996, the plaintiff was assigned a six percent whole-body physical impairment based on limitations involving his shoulder.
 "6. Based on an average weekly wage figure of $1,048.03 . . ., a six percent whole-body impairment produces a weekly permanent-partial-disability benefit of $41.92.
 "7. Plaintiff has received weekly workers' compensation benefit payments of $41.92 on his shoulder for a total of 67 weeks through January 7, 1999, and he continued to receive such payments up to the time of trial.
 "8. The plaintiff voluntarily resigned his employment with ABC Rail on or about July 1, 1997, at which time he accepted employment at the Mercedes-Benz plant in Vance, Alabama. The plaintiff testified that between the time he returned to work for ABC *Page 232 
Rail in November of 1996 until the date of his resignation in July of 1997 he lost no time from work as a result of the claimed injury to his neck or because of his shoulder, and, indeed, the plaintiff has admitted working as much as 25 to 30 hours of overtime per week during this period.
 "9. After the plaintiff had been working for Mercedes-Benz for just over a year, he was diagnosed with two herniated discs in his neck at levels C4-5 and C5-6, and on August 3, 1998, the plaintiff had corrective disc surgery and fusions at those two levels. The substance of the plaintiff's claim in this case is that the 1998 disc herniations and surgery were caused by the injury which occurred during his employment at ABC Rail two years and 10 months before the operation, [even though the surgery came] a full year after he had started working for another employer.
 "10. Two MRI's of the plaintiff's cervical spine were taken while he was still working for ABC Rail in 1996 and in 1997. Both contained findings of degenerative changes in his neck, but both were also negative for any finding of disc herniations at the C4-5, C5-6 levels.
 "11. ABC Rail has not paid the plaintiff any workers' compensation benefits for the claimed neck injury, and in correspondence directly to the plaintiff and later to his attorney, the defendant has consistently taken the position that the neck injury was not covered under workers' compensation.
 "12. The plaintiff lost approximately two months of work following his August 1998 surgery, and during that absence he received weekly benefit payments from Mercedes-Benz in the form of salary continuation. It is likewise undisputed that Mercedes-Benz paid all the medical expenses relating to the plaintiff's 1998 surgery.
 "13. This action was filed on July 8, 1998, which was approximately nine moths beyond the 2-year statute of limitations which is applicable to the neck-injury claim in this case.
"Based on the foregoing findings of fact, the Court has reached the following conclusions:
 "1. The plaintiff's shoulder injury is covered by the Workers' Compensation Act of Alabama.
 "2. Plaintiff is not due any additional workers' compensation benefits for the injury to his shoulder beyond those which ABC Rail is already paying based on the six percent impairment. The Court notes that plaintiff has advanced no argument or evidence that additional benefits are due for the injury to his shoulder.
 "3. The plaintiff's claim that his August 1998 disc herniations were sufficiently connected under the Workers' Compensation Act to his October 17, 1995, injury is not supported by substantial evidence.
 "4. The . . . neck-injury claim is barred by the 2-year statute of limitations.
 "Based on the foregoing findings and conclusions, it is hereby ORDERED, ADJUDGED, and DECREED that judgment be entered in favor of the defendant and that plaintiff is not entitled to recover workers' compensation benefits or medical expenses for his neck-injury claim based on the accident of October 17, 1995. ABC Rail is to continue weekly benefits for the shoulder injury until the required payments have been completed (300 weeks minus the number of weeks paid for TTD [temporary total disability]), and medical expenses for the shoulder injury will continue to be the responsibility of the defendant subject to the provisions of the Workers' Compensation Act. It is further ORDERED that each party bear its own costs." *Page 233 
Sagely appeals, following the denial of his postjudgment motion.
This case is governed by the new (1992) Workers' Compensation Act. This new Act provides that an appellate court's review of the proof and its consideration of other legal issues shall be without a presumption of correctness. § 25-5-81(e)(1), Ala. Code 1975. It further provides that when an appellate court reviews a trial court's findings of fact, those findings will not be reversed if they are supported by substantial evidence. §25-5-81(e)(2). Our supreme court "has defined the term `substantial evidence,' as it is used in § 12-21-12(d), to mean `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte TrinityIndustries, Inc., 680 So.2d 262, 268 (Ala. 1996), quoting West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). This court has also concluded: "The new Act did not alter the rule that this court does not weigh the evidence before the trial court." Edwards v. Jesse Stutts, Inc., 655 So.2d 1012,1014 (Ala.Civ.App. 1995).
Sagely contends on appeal that the court erred in holding that his workers' compensation claim for the alleged neck injury was barred by the applicable two-year statute of limitations. We disagree. Section 25-5-80, Ala. Code 1975, provides:
 "In case of a personal injury not involving cumulative physical stress, all claims for compensation under this article shall be forever barred unless within two years after the accident the parties shall have agreed upon the compensation payable under this article or unless within two years after the accident one of the parties shall have filed a verified complaint as provided in Section 25-5-88. In cases involving personal injury due to cumulative physical stress, compensation under this article shall be forever barred unless within two years after the date of the injury one of the parties shall have filed a verified complaint as provided in Section 25-5-88. In cases involving claims for lost earning capacity under Section 25-5-57
(a)(3)i., . . . compensation under this article and Article 4 shall be forever barred unless brought within two years of the termination. In case of death, all claims for compensation shall be forever barred unless within two years after death . . . the parties shall have agreed upon the compensation under this article or unless within two years after the death one of the parties shall have filed a verified complaint as provided in Section 25-5-88. Where, however, payments of compensation, as distinguished from medical or vocational payments have been made in any case, the period of limitation shall not begin to run until the time of making the last payment. In case of physical or mental incapacity, other than the minority of the injured person or his or her dependents, to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any case shall be extended to become effective two years from the date when the incapacity ceases."
Sagely was receiving compensation-benefit payments for his shoulder injury at the time of trial; therefore, those payments tolled the limitations period as to Sagely's claim for the shoulder injury. However, the record indicates that at no time had ABC acknowledged the claim for the neck injury to be covered under the Act and that at no time had it paid any compensation benefits for the alleged neck injury. On three different occasions before the limitations period ran, ABC informed Sagely and his attorney by letter that it was ABC's position that the alleged neck injury had not arisen out of and in the course of Sagely's employment and that it was disputing that claim.
Sagely contended that the phrase "in any case," which appears in the tolling provision of § 25-5-80, should be interpreted to mean that when compensation *Page 234 
has been paid for one injury, the running of the limitations period is tolled for other injury claims where benefits have not been paid. Sagely has presented no authority in support of that interpretation. Our supreme court has stated:
 "The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346
(Ala. 1992). After reviewing § 25-5-80 in light of the rule of statutory construction stated in IMED Corp., we conclude that the legislature's use of the phrase "in any case" was to effectuate its intent that the tolling provision apply to the four types of claims enumerated in the first four sentences of § 25-5-80 in cases where compensation benefits had been paid. The use of the phrase "in any case" was not intended by the legislature to toll the running of the limitations period for one injury when compensation benefits have been paid for a different injury. In other words, "in any case" refers to the type of claim enumerated in § 25-5-80 and not to the injuries for which compensation is sought. This conclusion is supported by our supreme court's decision in Leslie v. Republic Steel Corp., 273 Ala. 586,143 So.2d 442 (1962). In Leslie, the employee sued his employer on March 21, 1958, to recover benefits for an injury that had been sustained on March 14, 1957. Subsequently, the employee sought by amendment to add a claim for an injury sustained on February 14, 1957. However, the amendment was not filed until September 1, 1960 — after the limitations period had expired — and the court refused to allow the amendment to relate back to the date of the filing of the original complaint. Id. On appeal, the employee argued that the payments of compensation benefits for the first injury tolled the running of the limitations period for the second injury. In construing § 296, Title 26, Code 1940, which is the statutory predecessor to § 25-5-80, the court stated:
 "The foregoing statute provides that a claim for Workmen's Compensation must be filed within one year [now two years] after the date of the accident or within one year from the last payment of compensation for that accident. Payment of compensation does not extend the statute of limitation for any injury unless payment is made or liability acknowledged for that injury. In the instant case [the employer] acknowledged and paid only for the injury sustained March 14, 1957, and never recognized any claim for the February 14, 1957, injury."
Leslie, 273 Ala. at 587-88, 143 So.2d at 443-44 (citations omitted) (emphasis added). Accordingly, we conclude that where an employee is involved in a work-related accident and alleges two different injuries as a result of that accident, the employer's acknowledgment and payment of compensation benefits for one of the injuries will not serve to toll the running of the limitations period, pursuant to § 25-5-80, for the other injury when that other injury is not acknowledged, and is disputed, by the employer. Our holding is specifically limited to the facts of this case.
Sagely also argues that the court erred in holding that his claim for the neck injury was barred by the statute of limitations because, he says, he was "lulled" by ABC into believing that his claim for the neck injury complied with the statute. Sagely relies upon Higginbotham v. Beverly Enterprises,Inc., 709 So.2d 32 (Ala.Civ.App. 1997), which states that an employer will be estopped from relying on the statute *Page 235 
of limitations as a defense when the employer or its representatives in their dealings with the employee conduct themselves in such a manner as to mislead the employee into believing he can postpone or delay the filing of his claim until the limitations period has expired. It appears that this argument is raised for the first time on appeal; we will not address it. Andrews v. Merritt OilCo., 612 So.2d 409 (Ala. 1992). However, we do note that this argument has no merit, because ABC had informed Sagely on at least three different occasions before the limitations period expired that it did not acknowledge his neck injury as a work-related injury and that it disputed the claim.
Sagely also argues that he was incapacitated after his shoulder surgeries and, therefore, that the limitations period should have been extended to a point at least two additional years beyond the date of his last surgery, on July 30, 1996. This argument is without merit. Section 25-5-80 provides that in case of physical or mental incapacity to perform any act required within the time specified under that Code section, the limitations period shall be extended two additional years from the date the incapacity ceases. This court has interpreted the language of §25-5-80, which permits an extension of the statutory limitations period in cases of incapacity, as follows:
 "We interpret this language to provide for an exemption to the statute of limitations in the case of physical or mental incapacity only when such incapacity prevents the employee from taking action to obtain workmen's compensation benefits `within the time in this section specified.' In other words, such incapacity must exist for such a length of time as will prevent the employee from filing suit to obtain benefits within the [two-year] limitations period of § 25-5-80."
Stewart v. Carter Realty Co., 518 So.2d 122, 124 (Ala. Civ. App 1987). Sagely returned to work in November 1996, following his surgery on July 30, 1996, and he worked continuously until he resigned in July 1997. The two-year limitations period for the injuries complained of expired on October 17, 1997. Nothing in the record indicates that Sagely was incapacitated to the extent that he could not sue to obtain benefits.
OPINION OF DECEMBER 17, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED AND RULE 39(k) MOTION DENIED; AFFIRMED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.