MOORE, Judge.
 

 Marvin Jackson (“the employee”) appeals from a summary judgment entered in favor of Delphi Automotive Systems by the Limestone Circuit Court (“the trial court”) on Jackson’s claims for workers’ compensation benefits. We reverse and remand.
 

 Facts and Procedural History
 

 On March 27, 2006, the employee filed a complaint in the trial court, seeking workers’ compensation benefits from Delphi Saginaw Steering, Delphi Corporation, Delphi Automotive Systems Human Resources, LLC, Delphi Automotive Systems, LLC, Delphi Automotive Systems Services, LLC, and a number of fictitiously named parties (hereinafter sometimes collectively referred to as “the defendants”). In his complaint, the employee alleged that he was an employee of Delphi Saginaw Steering and that he had suffered an injury to his back in a work-related incident on or about March 14, 2004, by lifting and transporting large, heavy buckets of paint. On April 12, 2006, the employee filed an amended complaint with verification. The employee’s amended complaint also referred to a March 14, 2004, injury.
 

 On April 25, 2006, the defendants filed a motion to dismiss the employee’s complaint, asserting that it was not verified in accordance with § 25-5-88, Ala.Code 1975.
 
 [1]
 
 A notation on the case-action-summary sheet indicates that the trial court denied the motion to dismiss on April 26, 2006. On June 6, 2006, “Delphi Automotive Systems” (“the employer”) filed a motion for a summary judgment.
 
 [2]
 
 The employer argued that the two-year statute of limitations found in § 25-5-80, Ala.Code 1975, barred the employee’s claim. In an affidavit filed with the motion, Herman Banks, the employer’s workers’ compensation field representative, stated that he had reviewed certain records regarding the employee’s claim, which were attached to the affidavit, and that those records revealed that the employee had timely reported the claimed injury to the employer but that the employer had never paid any compensation to the employee for that injury.
 

 The employee responded to the summary-judgment motion on July 20, 2006. In his response, the employee moved to strike Banks’s affidavit and the exhibits attached thereto. The employee further moved the court, pursuant to Rule 56(f), Ala. R. Civ. P., to continue the summary-judgment hearing until he could complete discovery. Additionally, the employee argued that the employer had paid him full pay for lighter work, which, he asserted, had served to toll the statute of limitations. The employee further filed his own motion for a summary judgment on July 20, 2006. On July 25, 2006, the trial court granted the employee’s Rule 56(f) motion by directing the parties to proceed with discovery limited to the issue of factors potentially tolling the statute of limitations.
 

 On April 23, 2007, the employee filed a motion seeking a judgment by default against Delphi Saginaw Steering, Delphi Corporation, Delphi Automotive Systems
 
 *1266
 
 Human Resources, LLC, Delphi Automotive Systems, LLC, and Delphi Automotive Systems Services, LLC, for failure to file an answer or other pleading or to otherwise defend the action. The employer filed an objection to the employee’s motion, asserting that the correct name of the employee’s employer at the time of his injury was “Delphi Automotive Systems” and that, “[t]o the extent necessary, all other Defendants join in the motion for [a] summary judgment filed previously by [the employee’s] employer.” The record indicates that the trial court never ruled upon the motion for a default judgment.
 

 On June 26, 2007, the employee filed a second amended verified complaint. In that complaint, the employee realleged that he had been injured in the course of his employment with the employer on March 14, 2004. The employee further alleged that he had “re-injured his back and other bodily parts on March 30, 2004, March 3, 2005, and April 11, 2005.” The employee asserted that those injuries had also occurred from the employee’s frequent stooping and climbing while painting and lifting and transporting paint. The employee stated that those “subsequent injuries and accidents stem from the original incident and constitute cumulative physical stress, accidental injury and/or gradual injury.” The employee also alleged that his last day of work was approximately May 17, 2005, and that the employer had continued to pay full compensation and wages to the employee up until that date even though he had been placed on restrictive duty.
 

 Also on June 26, 2007, the employee filed an amended response to the employer’s summary-judgment motion in which he asserted, in addition to his original arguments, that, because the last date of injury was April 11, 2005, and his injuries constituted cumulative-physical-stress injuries, his claims were not barred by the statute of limitations. The employee attached to his response his affidavit, in which he stated that, since the injury, the employer had been paying him full pay for lighter work.
 

 On July 30, 2007, the employer filed a motion to strike the employee’s second amended complaint or, in the alternative, a motion for a summary judgment. The employer argued that the employee’s second amended complaint alleged new and separate claims and was due to be stricken. The employer argued further that the employee’s original complaint and his two amended complaints were all due to be dismissed because they were barred by the two-year statute of limitations. The employee responded to the motion to strike on October 30, 2007, by, among other things, filing the affidavit of Dr. Henry M. Gaillard. Dr. Gaillard stated in his affidavit that, in his professional medical opinion, the injury to the lower back suffered by the employee “is a continuing stress injury or a cumulative stress injury which has resulted from repetitive motion, during the course of his employment.” Dr. Gail-lard indicated that, in his opinion, the March 30, 2004, the March 3, 2005, and the April 11, 2005, incidents were recurrences of the employee’s first injury on March 14, 2004, that they were not aggravations of that first injury, and that they did not contribute independently to the employee’s disability. On December 6, 2007, the trial court granted the employer’s summary-judgment motion with the following notation on the case-action-summary sheet: “[T]his Court finds [the employee’s] causes of action to be time-barred.”
 

 The employee filed a notice of appeal to this court on December 20, 2007. On August 21, 2008, this court issued an order dismissing the employee’s appeal as being from a nonfinal judgment because the em
 
 *1267
 
 ployee’s claims against Delphi Saginaw Steering, Delphi Corporation, Delphi Automotive Systems Human Resources, LLC, and Delphi Automotive Systems Services, LLC, had not been adjudicated in the December 20, 2007, summary-judgment order. On May 8, 2009, the trial court entered a final judgment, including findings of fact and conclusions of law, in which it determined that “Delphi Automotive Systems” was the employee’s employer at all relevant times and in which it entered a summary judgment in favor of the employer and dismissed all other named defendants. The employee filed a postjudgment motion on May 26, 2009; the trial court denied that motion on May 28, 2009. The employee filed his notice of appeal to the Alabama Supreme Court on July 7, 2009; that court transferred the appeal to this court for lack of appellate jurisdiction on July 24, 2009.
 

 Standard of Review
 

 “This court’s review of legal issues in a workers’ compensation case is without a presumption of correctness.
 
 See
 
 § 25 — 5—81(e)(1), Ala.Code 1975, and
 
 Flesher v. Saginaw Div., Gen. Motors Corp.,
 
 689 So.2d 113 (Ala.Civ.App.1996). In
 
 Bailey v. R.E. Garrison Trucking Co.,
 
 834 So.2d 122, 123 (Ala.Civ.App.2002), this court reviewed a summary judgment in a workers’ compensation case and stated our standard of review as follows:
 

 “ ‘A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala. R. Civ. P. The court must view the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts against the movant.
 
 Hanners v. Balfour Guthrie, Inc.,
 
 564 So.2d 412 (Ala.1990). If the movant meets this burden, “the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ”
 
 Lee v. City of Gadsden,
 
 592 So.2d 1036, 1038 (Ala.1992).’
 

 “834 So.2d at 123.”
 

 Walker v. Flagstar Enters., Inc.,
 
 981 So.2d 1137, 1139-MO (Ala.Civ.App.2007).
 

 Discussion
 

 The employee argues on appeal that the trial court erred in determining that the statute of limitations bars his claims. Section 25-5-80, Ala.Code 1975, provides, in pertinent part:
 

 “In case of a personal injury not involving cumulative physical stress, all claims for compensation under this article shall be forever barred unless within two years after the accident the parties shall have agreed upon the compensation payable under this article or unless within two years after the accident one of the parties shall have filed a verified complaint as provided in Section 25-5-88[, Ala.Code'1975], In cases involving personal injury due to cumulative physical stress, compensation under this article shall be forever barred unless within two years after the date of the injury one of the parties shall have filed a verified complaint as provided in Section 25-5-88....
 
 Where,
 
 however,
 
 payments of compensation,
 
 as distinguished from medical or vocational payments,
 
 have been made in any case, the period of limitation shall not begin to run until the time of making the last payment.”
 

 (Emphasis added.)
 

 In this case, the employee filed his claim for the alleged March 14, 2004, inju
 
 *1268
 
 ry beyond the two-year limitations period stated in § 25-5-80. The employer presented evidence indicating that it had not paid the employee any compensation.
 
 [3]
 
 The employee presented evidence indicating that he had notified the employer of his back injury, that he had been instructed by the employer’s nursing staff in March 2004 to perform lighter duty, that he had heeded that advice for the following year until his last date of employment, and that he nevertheless received full pay while on restricted duty following the March 14, 2004, injury. In
 
 Head v. Triangle Construction Co.,
 
 274 Ala. 519, 523,150 So.2d 389, 393 (1963), the supreme court rejected a worker’s plea to treat his postin-jury wages as payments of compensation tolling the statute of limitations, but the court held that payment of full wages to an employee on restricted duty following a work-related injury may be considered “payments of compensation” when (1) “the employer was aware, or should have been aware, that such payments were compensation,” (2) “the payments had the effect of recognition of the [worker’s] claim,” and (3) “the evidence indicates that the employer paid for more than he received.”
 

 At trial, the employee would bear the burden of proving that payment of full wages for lighter work tolls the statute of limitations.
 
 See Welborn v. GTE Commc’n Sys. Corp.,
 
 526 So.2d 600 (Ala.Civ.App.1988). On a motion for a summary judgment, when the nonmovant bears the burden of proof at trial, the movant bears the
 

 “ ‘burden of production either by submitting affirmative evidence that negates an essential element in the non-movant’s claim or, assuming discovery has been completed, by demonstrating to the trial court that the nonmovant’s evidence is insufficient to establish an essential element of the nonmovant’s claim....’”
 

 Ex parte General Motors Corp.,
 
 769 So.2d 903, 909 (Ala.1999) (quoting
 
 Berner v. Caldwell,
 
 543 So.2d 686, 691 (Ala.1989) (Houston, J., concurring specially) (emphasis omitted)). Thus, in this case, the employer bore the burden of either (1) producing evidence negating one or more of the elements necessary to prove that payments of full pay for lighter work were not considered payments of compensation or (2) demonstrating that the employee’s evidence was not sufficient to establish those elements. However, at the trial-court level, the employer did not even address the employee’s evidence or arguments regarding the tolling of the statute of limitations, much less attempt to carry its burden of production as outlined above.
 

 Because the employer did not meet its burden of production, the trial court erred in entering a summary judgment on the ground that the original complaint was barred by the statute of limitations.
 

 With regard to the claims presented in his second amended complaint, the employee argues that the trial court erred in entering a summary judgment in favor of the employer because, he argues, those claims relate back to the date the original complaint was filed. In
 
 Hokes Bluff Welding & Fabrication v. Cox,
 
 33 So.3d 592, 594-95 (Ala.Civ.App.2008), this court discussed the applicability of the statute of limitations when a worker has sustained multiple work-related accidents:
 

 
 *1269
 
 “In
 
 Fort James Operating Co. v. Crump,
 
 947 So.2d 1053 (Ala.Civ.App.2005), this court recognized that in cases of multiple accidents, the effective date commencing the limitations period turns on whether the personal injury may be characterized as a recurrence, an aggravation, or a new injury. 947 So.2d at 1065. If, following the second accident, the worker experiences a recurrence of the prior injury, any claim for benefits based on that recurrence relates back to the date of the original accident; on the other hand, if the second accident aggravates the personal injury caused by the first accident, or the second accident results in a new injury, then the limitations period commences on the date of the second accident.
 
 Id.
 

 “ ‘A court finds a recurrence when “the second [accident] does not contribute even slightly to the causation of the [injury].” 4 A. Larson,
 
 The Law of Workmen’s Compensation,
 
 § 95.23 at 17-142 (1989). “[T]his group also includes the kind of case in which a worker has suffered a back strain, followed by a period of work with continuing symptoms indicating that the original condition persists, and culminating in a second period of disability precipitated by some lift or exertion.” 4 A. Larson, § 95.23 at 17-152. A court finds an “aggravation of an injury” when the “second [injury] contributed independently to the final disability.” 4 A. Larson, § 95.22 at 17-141.’
 

 “United States Fidelity & Guar. Co. v. Stepp,
 
 642 So.2d 712, 715 (Ala.Civ.App.1994). ‘The second injury is characterized as a “new injury” if it is the sole cause of the final disability.’
 
 Ex parte Pike County Comm’n,
 
 740 So.2d 1080, 1083 n. 2 (Ala.1999).”
 

 Thus, if the accidents the employee allegedly sustained on March 30, 2004, March 3, 2005, and April 11, 2005, caused a recurrence of the March 14, 2004, injury, then the employee’s claims for benefits for accidental injury claimed in his second amended complaint would relate back to the original complaint. If, however, the March 30, 2004, accident or any later accident aggravated the employee’s initial injury, or caused a new injury, the accidental-injury claims raised in the second amended complaint would not relate back.
 

 The record contains conflicting evidence as to the nature of the later injuries. On the one hand, Dr. Gaillard testified that the injuries may all be considered recurrences. On the other hand, some evidence indicates that the employee experienced new symptoms following his March 30, 2004, injury, specifically, radicular symptoms running from his low back into his right lower extremity, which would indicate either a new injury or an aggravation of the original injury that recurred with the 2005 injuries. That conflict creates a genuine issue of material fact regarding whether the claims alleged in the second amended complaint relate back to the original complaint. The trial court erred in resolving that controversy via summary judgment.
 

 The cumulative-physical-stress claim asserted in the employee’s second amended complaint deserves more scrutiny. The statute of limitations for a cumulative-trauma injury begins to run from the date of the last exposure to the injurious job stimulation that a worker claims caused or contributed to his or her injury.
 
 Dun & Bradstreet Corp. v. Jones,
 
 678 So.2d 181, 185 (Ala.Civ.App.1996). The employee claims that he last injured his back on April 11, 2005, and that he last worked on or about May 17, 2005. However, he did not file his second amended
 
 *1270
 
 complaint until June 26, 2007, more than two years after any possible exposure to physical stress or cumulative trauma on the job. Furthermore, the employer had apparently stopped paying wages to the employee as of his last date of employment. Hence, the claim based on cumulative physical stress can survive the statute of limitations only if it relates back to the original complaint.
 

 Citing
 
 Nason v. Jones,
 
 278 Ala. 532, 179 So.2d 281 (1965), the employer argues that the employee’s cumulative-trauma claim is a separate claim from his original claim of injury and is thus barred by the statute of limitations. In
 
 Nason,
 
 the worker filed a complaint for benefits against his employer, claiming that he had suffered an accidental injury in the course of his employment due to several hours of exposure to carbon-monoxide fumes. 278 Ala. at 533, 179 So.2d at 282. The worker later amended his complaint, adding an assertion that, before the injury claimed in his original complaint had occurred, he had contracted occupational pneumonoconiosis and that that condition had been brought about or aggravated by the carbon-monoxide fumes that he was subjected to in the course of his employment. 278 Ala. at 533, 179 So.2d at 283. In
 
 Nason,
 
 the supreme court determined that the injury relied on in the original complaint, which had been caused by the inhalation of carbon-monoxide fumes during a period of several hours, was different from the disease of occupational pneumonoconiosis asserted in the worker’s amended complaint, which results from exposure to dust particles or chemicals over a period of years. 278 Ala. at 535,179 So.2d at 284. The court thus held that the amended complaint did not relate back to the original complaint.
 

 As we read it,
 
 Nason
 
 holds that the contraction of an occupational disease from long-term exposure to inhalants, which has been aggravated by a short-term exposure to those same inhalants, constitutes a separate cause of action from a claim of accidental injury resulting from only the short-term exposure. Analogizing the claims in
 
 Nason
 
 to those presented in this case, it would follow that a claim for an accidental injury to the lower back occurring on March 14, 2004, would present a different cause of action from a claim that such an accident aggravated a preexisting low-back condition caused by preceding cumulative physical stress in the working environment. However, the employee in this case is not making such a claim. In his original complaint, the employee alleged that he had injured his lower back in an accident occurring on March 14, 2004, while he was lifting and transporting heavy buckets of paint. In his second amended complaint, the employee alleged that he had “re-injured” his back on March 30, 2004, and on two occasions in 2005 “also from frequent stooping and climbing while painting and lifting and transporting paint.” In other words, the employee alleged the exact opposite factual situation than what was present in
 
 Nason.
 

 That distinction leads us to conclude that the employee’s cumulative-physical-stress claim would relate back to the original complaint to the extent that the employee seeks benefits for the recurrence of the same injury sustained in the March 14, 2004, accident. Consistent with
 
 Cox
 
 and
 
 Crump, Nason
 
 would prevent relation back only if the cumulative physical stress caused an aggravation of the March 14, 2004, injury or a completely new injury. As discussed above, because of the conflicts in the evidence, the controversy over the characterization of the later injuries cannot properly be resolved on a motion for a summary judgment. We therefore hold that the trial court erred in entering a summary judgment as to the cumulative-physical-stress claim.
 

 
 *1271
 
 Based on the foregoing analysis, we reverse the trial court’s judgment and remand this cause for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Section 25-5-88, Ala.Code 1975, requires a party to a controversy arising from a workers’ compensation claim to file a verified complaint.
 

 [2]
 

 . The style of that motion listed the defendants as "Delphi Saginaw Steering, et al.” That motion began: "Comes the Defendant, correctly identified as Delphi Automotive Systems. ...” For the remainder of this opinion, "the employer” refers only to Delphi Automotive Systems.
 

 [3]
 

 . The employee asserts that Banks’s affidavit testimony to that effect constitutes inadmissible hearsay,
 
 see
 
 Rule 801, Ala. R. Evid., because that testimony is based on unauthenticated documents generated and reviewed out of court. Because we are reversing the summary judgment on other grounds, however, we decline to address that argument.