Royce Key filed a complaint for workmen's compensation benefits in the Circuit Court of Walker County against Drummond Company, Inc., alleging that he was owed benefits for a work-related injury. Following oral proceedings, the trial court found that Key suffered a 40% permanent loss of his ability to earn. Drummond appeals.
In a workmen's compensation case, this court's review is limited to a determination of whether there is any legal evidence to support the trial court's conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte EastwoodFoods, Inc., 575 So.2d 91 (Ala. 1991).
The record reflects that Key worked in the coal industry for 44 years. He worked underground in the coal mines for approximately 26 of the 44 years. He began working above ground in 1972. Above ground, he worked as a greaser on a washer, as a refuse truck driver, and as a washer operator. In *Page 475 
1986 he became a control panel operator, operating the controls on the washer machinery. The controls were in an enclosed, airconditioned area. He testified that he had to leave the control room on numerous occasions to work on the machinery.
In October 1990 Key took an early retirement. He was 62 years old at the time. He testified that he could no longer perform his job duties due to his hearing loss and his difficulty in breathing. He testified that his hearing loss prevented him from performing his job in a safe manner because he feared that he or a co-worker may be injured due to his inability to hear properly. He testified that he tired easily due to his difficulty with breathing. He had been experiencing shortness of breath for the last 20 years.
Key was examined by Dr. John Simmons, an ear, nose, and throat specialist, in June 1991. Dr. Simmons found that Key suffered from a severe, permanent loss of hearing in his right ear and a lesser degree of loss in the left ear. He found the hearing loss to be consistent with Key's work history. He opined that the hearing loss would cause interference with Key's daily activities, including his ability to work. Key testified that he had suffered with a loss of hearing for a number of years and that it had gotten progressively worse. He said that there was a lot of noise on the job.
Dr. Michael Brasfield, an internal medicine specialist, examined Key in June 1991. Dr. Brasfield diagnosed Key as having "moderately advanced coal dust pneumoconiosis and silicosis." He found the condition to be consistent with Key's work history.
Key entered into evidence a letter written by Dr. William Crunk, a vocational expert. Following an evaluation, Dr. Crunk found that Key had sustained a 100% loss of earning capacity. His finding was based on Key's age, his tenth grade education, his limited vocational ability, and his medical problems.
Dr. Allan Goldstein and Dr. David Russakoff, internal medicine and pulmonary disease specialists, examined Key and failed to find symptoms of pneumoconiosis.
In finding that Key had sustained a 40% permanent partial disability, the trial court made the following observations:
 "That the Plaintiff suffered what amounted to be two injuries which arose out of and in the course of his employment. One injury affecting his ability to breathe was the occupational disease known as pneumoconiosis, also referred to as 'black lung.' The other injury was a loss of hearing. Both injuries and diseases arose out of and in the course of the Plaintiff's employment, and both injuries and diseases resulted from the nature of the Plaintiff's employment in that with reference to the pneumoconiosis, the removal and extraction of coal from the earth releases coal and rock dust particles which are inhaled and breathed by coal miners. And, in and about the removal and preparation of coal for us in this country, large machines which emit noises with high frequencies on a regular and recurring basis are present in that work environment, which adversely affect coal miners' hearing. In particular, the court finds that the coal mining industry has attached to it the particular hazard of both the contraction of coal workers' black lung disease, as well as hearing losses, and that both those particular hazards are different and distinguishable from hazards associated with the usual run of occupations. The hazard of coal workers' black lung disease is in excess of the usual hazards that are attached to the normal run of occupations. The hazard of hearing loss due to the large, noisy machines used in the extraction and preparation of coal present noises that create hazardous hearing loss conditions for miners, and those hazards are greater than those of the normal run of occupations."
Drummond argues that the trial court erred in finding that Key suffered from work-related occupational pneumoconiosis.
The court did not find Key to be totally and permanently disabled. We conclude, therefore, that the judgment was premised on the general occupational pneumoconiosis statute, §§ 25-5-140 through -152, Code 1975, rather than the more specialized coal miners' pneumoconiosis statute. §§ 25-5-170 *Page 476 
through -180, Code 1975. See § 25-5-177, Code 1975.
Occupational pneumoconiosis is a lung disease caused by the inhalation of minute particles of dust over a period of years.Owsley v. Winston Furniture Co., 596 So.2d 12
(Ala.Civ.App. 1992). In order to recover for such a condition, the employee must prove that the disease arose out of and in the course of employment. Owsley. In order to do so, the employee must prove (1) a particular hazard of occupational pneumoconiosis, (2) that the hazard distinguished the employment from the usual run of occupations, and (3) that the hazard was in excess of the hazards of occupational pneumoconiosis attending employment in general. Reynolds MetalsCo. v. Stults, 532 So.2d 1035 (Ala.Civ.App. 1988).
Drummond asserts that Key failed to prove that his lung disorder arose out of and in the course of his employment. It insists that Key failed to prove that he was exposed to coal dust, particularly in view of the fact that he worked in an enclosed area for the last five years of his employment.
Occupational pneumoconiosis occurs over a period of years.Owsley. It is undisputed that Key worked in the underground mines for 26 years and around the mines for another 18 years and that coal dust was ever present. He testified that although he was a control operator for the last five years of his employment, he had to leave the control room on numerous occasions to repair the machinery. Key testified that he had been experiencing breathing difficulties for the last 20 years. His doctor found that his pneumoconiosis was consistent with his work history in and around the coal mines. Key sufficiently proved that his lung condition arose out of and in the course of his employment with Drummond. We find no error.
Drummond asserts that the court erred in finding that Key's hearing loss constituted an "occupational disease" within the meaning of § 25-5-110, Code 1975.
Section 25-5-110, Code 1975, provides the conditions for recovery for an occupational disease. To be occupational, the disease must be due to hazards which are (1) in excess of those ordinarily incident to employment in general and (2) different in character from those found in the general run of occupations. James River Corp. v. Mays, 572 So.2d 469
(Ala.Civ.App. 1990). An occupational disease is not compensable if it is not caused or aggravated by the nature of the employment.James River.
The facts as detailed previously lead us to conclude that Key's loss of hearing was caused by his employment and that the loss was due to hazards in excess of those ordinarily incident to employment in general. We find no error.
Drummond, without supporting authority, asserts that Key failed to file his action within the one-year time period allowed for the filing of occupational pneumoconiosis and occupational disease cases.
Sections 25-5-117 and -147, Code 1975, provide that "the date of the injury shall mean . . . the date of the last exposure to the hazards of the disease in the employment of the employer. . . ."
Key retired in October 1990 and filed his cause of action in August 1991. There was evidence that he was exposed to the noise element of the coal mining industry during the critical period. There was further evidence that he was exposed to coal dust throughout the course of his employment. We find no error.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 477