This is a workmen's compensation case.
Bobbie Malone brought this action against ConAgra Poultry, Inc. after developing carpal tunnel syndrome allegedly in the course of her work cutting chicken breasts on an assembly line. She requested temporary total and permanent partial disability benefits and medical expenses.
After an ore tenus proceeding, the trial court determined that her injury did not arise out of her employment and ruled in favor of ConAgra. This appeal ensued.
Our review of this case is a two-step process. Initially, we must look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, we must then determine whether any reasonable view of the evidence supports the court's judgment. Ex parte Eastwood Foods, 575 So.2d 91
(Ala. 1991).
The dispositive issue before us is whether the trial court properly found that Malone's disorder was not caused by her work for ConAgra.
The record reveals the following pertinent facts: On September 22, 1989 Malone was hired by ConAgra to cut up chicken breasts on an assembly line. Soon after she began work, Malone complained of swelling and numbness in her hands while using a butcher knife to cut the chickens. ConAgra sent her to the company physician for an examination on September 28, 1989. The doctor ordered Malone not to return to work for one week. After resuming her job as a cutter, Malone continued to have swelling, pain, and numbness in her wrists and wore ice packs on both hands while working on the assembly line.
Malone's job at ConAgra lasted until October 30, when she was fired for unsatisfactory work. She subsequently consulted another doctor, Dr. John Bacon, concerning the continuing pain and swelling in her wrists. Dr. Bacon diagnosed her problem as carpal tunnel syndrome, and began conservative treatment. This did not relieve the problem, and Dr. Bacon subsequently performed surgery on Malone's right wrist. Malone then filed her claim for compensation against ConAgra.
To qualify for workmen's compensation benefits, an employee must establish that her condition arose out of and in the course of her employment and that the work actually caused the condition. Newman Brothers, Inc. v. McDowell, 354 So.2d 1138
(Ala.Civ.App. 1977). Here, the trial court found that Malone's condition did not arise out of her work for ConAgra. The trial court based its findings on evidence which shows that Malone began complaining of swelling in her right hand by the second day of her employment, and worked only briefly on the assembly line before her employment was terminated. The court apparently concluded that such a brief period of work could not have caused carpal tunnel syndrome.
In deposition testimony introduced at trial, Malone's surgeon, Dr. Bacon, stated that the amount of time it takes a worker doing repetitive tasks to develop carpal tunnel syndrome is highly variable. Dr. Bacon testified that it was possible for the problem to develop within only a few days of repetitive work. The doctor opined that this could have been the case with Malone, if she had exhibited no previous symptoms of the disorder. Dr. Bacon stated that *Page 899 
although Malone worked on the assembly line for only a few days, her physical problems were consistent with the kind of work she performed during that time.
Dr. Bacon did note that the syndrome is not caused solely by performing repetitive work, but can result from hormonal changes or from diseases such as diabetes and rheumatoid arthritis. However, there is no evidence to show that Malone suffered from any of these problems or from the symptoms of carpal tunnel syndrome before she began her job as a chicken cutter. Indeed, a ConAgra official testified at trial that several employees who work as cutters have developed this problem.
In its brief, ConAgra places great emphasis on the fact that Malone complained of swelling and pain in both wrists after only one day of work. It also points out that Malone developed carpal tunnel syndrome in both wrists but had surgery only on her right wrist. ConAgra argues that these facts controvert the evidence regarding the causation of Malone's condition.
We find no merit in this argument. The fact that Malone experienced symptoms of the problem after only a short time at work does not rebut the fact that she had never suffered such symptoms before. The fact that she did not undergo surgery on both wrists is simply irrelevant to the issue of causation.
The record shows that it is possible to develop carpal tunnel syndrome after only a few days of intense work, and ConAgra has failed to show any alternative cause for Malone's condition. We recognize that the trial court is given wide discretion in determining issues of workmen's compensation, and is not bound by expert medical testimony. Armstrong v. Lewis Assocs.Constr. Co., 451 So.2d 332 (Ala.Civ.App. 1984). However, the court may not wholly ignore evidence when it is without conflict or dispute. Armstrong. See generally Stinson v. AcmePropane Gas Co., 391 So.2d 659 (Ala. 1980).
Here, Malone presented a prima facie case to show causation, and ConAgra failed to refute it. The legal evidence presented at trial simply does not support the court's judgment; rather, a reasonable view of this evidence indicates that Malone's condition was a direct result of her work as a cutter, however brief. In view of this, the trial court abused its discretion in finding that Malone's condition was not compensable. SeePatterson v. Opelika Foundry, Inc., 561 So.2d 236 (Ala. 1990). The judgment is therefore reversed and the cause remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.