On March 25, 1991, Larry Douglas Tarver filed a complaint against Diamond Rubber Products, Inc., seeking workmen's compensation benefits for an injury that he suffered to his back on February 23, 1990, while working within the line and scope of his employment with Diamond. Tarver also asserted claims of fraud and wrongful termination against Diamond; however, these claims are not a part of this appeal.
Following an ore tenus proceeding on the claim for workmen's compensation benefits, the trial court entered a judgment in favor of Diamond and against Tarver on July 2, 1993. The trial court found that Tarver had "not carried the minimal burden of proof establishing that an accident occurred while in the line and scope of his employment with the defendant." The trial court also found that the root of Tarver's disability was his "pre-existing Stargardt's Disease" and that the back injury was not a contributing factor to his disability.
On July 30, 1993, Tarver filed a motion for a new trial, or in the alternative, to alter, amend, or vacate the judgment. The trial court denied this motion on August 30, 1993. Tarver appeals.
Tarver contends on appeal that the trial court's findings are contrary to the substantial and undisputed evidence and unsupported by legal evidence; that the trial court erred in finding that Tarver's blindness was the root cause of his disability; that the trial court erred in finding that Tarver's back injury was not a contributing cause to his disability; and that the trial court drew incorrect legal conclusions.
In Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala. 1991), our supreme court set out the standard for appellate review of factual findings in a workmen's compensation case: *Page 209 
 "Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment."
However, we note that in ore tenus cases, the two-pronged test set forth in Eastwood Foods only applies to our review of the trial court's findings of fact, not to its conclusions of law.Ex parte Cash, 624 So.2d 576 (Ala. 1993).
A careful review of the record reveals that Tarver, a veteran of the Vietnam War, was hired by Diamond in October 1989 to do maintenance work. Tarver testified that he first had a problem with his back two weeks before February 23, 1990, while he was picking up bins of scrap rubber. He stated that he informed David Blumenthal, Diamond's plant manager, about the back problem, and that David Blumenthal told him that he would receive help in emptying the bins. Tarver continued working and did not seek medical treatment at that time.
Tarver testified that on February 23, 1990, as he bent down to pick up a log that he was unloading from a pickup truck into a dumpster at Diamond, he felt pain in his lower back, and that as he tried to pick up the log, the pain went down his left leg. He stated that he immediately went to the office and reported to David Blumenthal, to Donald Blumenthal, the president of Diamond, and to two others that he was having back pain. Donald Blumenthal admitted that, on February 23, 1990, he saw Tarver slumped over the steering wheel of a forklift, that Tarver said his back hurt, and that he offered to send Tarver to the company doctor, but that Tarver said he was going to the Veterans' Administration (VA) hospital instead.
Tarver testified that, on February 24, 1990, the day after his injury, he went to the emergency room at the VA hospital in Birmingham. Tarver's VA hospital records, which were introduced at trial, revealed that on February 24, 1990, he complained of lower back pain "since lifting a heavy object at work." On that date, Tarver was diagnosed as having a back strain, placed on pain medication, and prescribed rest. However, he returned to the VA hospital two days later, still complaining of pain. He was then prescribed five days of bed rest.
In the months following the injury, Tarver sought treatment at the VA hospital several times, constantly complaining of pain in his lower back. Objective evidence of Tarver's back pain was chronicled in his medical records at the VA hospital at various times during the latter half of 1990, including an antalgic gait on the left, radiculopathy in the lower left portion of his back, and a small herniation on the right side of the lower back. Moreover, the results of pin prick tests of Tarver's lower back were consistent with a finding of nerve damage.
Dr. Cecil Nepomuceno, a rehabilitation specialist who conducted an examination of Tarver at the Spain Rehabilitation Center in Birmingham, also found objective evidence that Tarver had suffered an injury to his back. In his report, which was introduced at trial, Dr. Nepomuceno stated that Tarver has a 35% impairment of the whole person because of his back injury. Also in evidence was a letter written by Dr. William A. Crunk, a vocational consultant, who reported the results of a vocational evaluation that he had conducted on Tarver. Dr. Crunk stated that Tarver "would have a 100% vocational employability disability as it relates to his current [back] pain situation."
In examining the medical evidence, the trial court appears to have relied exclusively upon certain statements made by Dr. Shin Joong Oh, a neurologist at the VA hospital, during his deposition testimony. However, the trial court's characterization of Dr. Oh's testimony was not entirely accurate. The trial court stated:
 "The medical testimony was that, at all times relevant to this cause, Mr. Tarver complained of pain on the left side of his back, and his left leg. Dr. Oh's testimony was clear that the only medical finding was by CT scan and myelogram, which showed a small herniation at L5-S1 on the right side. Dr. Oh stated that any problems suffered by [Tarver] were not due to this condition, and the only problem which *Page 210 
would affect Mr. Tarver's employability was his blindness."
Actually, Dr. Oh testified that the herniated disc on Tarver's right side could not explain the pain that Tarver complained of in his left leg, but that the herniation could "produce ill-defined backache." He stated that he did not know the cause of the impingement affecting the lower left portion of Tarver's back. In the context of a discussion about nerve block and TENS treatments, which were temporarily successful in relieving some of Tarver's pain, Dr. Oh stated that he knew of no "objective finding which is not abling him to be employed, except . . . blindness." However, Dr. Oh pointed out that he could not measure subjective pain, and he admitted that Tarver's records contained objective evidence of a back injury.
There is no evidence in the record to support the trial court's suggestion that Tarver's claims of injury were confined only to the left portion of his lower back and his left leg. The fact that Dr. Oh could not find a medical explanation for Tarver's pain does not refute that disabling pain actually existed. In fact, there is no evidence whatsoever to refute that Tarver was experiencing disabling back and leg pain.
The trial court also found that Tarver did not return to work until March 8, 1990, and that only then did he claim that he had suffered an accidental injury on the job. However, Tarver testified that he returned to work to deliver the doctor's excuse on February 26, 1990. David Blumenthal and Donald Blumenthal both testified that Tarver returned to work within one to two weeks after February 23. Donald Blumenthal stated that he saw Tarver come to pick up his work clothes in the latter part of February. David Blumenthal testified that on another occasion, Tarver returned on a Friday to collect his paycheck, and that Tarver told him then that he had been injured on the job. About this time, Tarver was terminated from his employment at Diamond. Diamond records indicate that on March 4, 1990, Tarver made a claim for unemployment benefits. Diamond filed a report of Tarver's work-related injury on March 8, 1990. Thus, the evidence is clear that Tarver notified his employer of his injury on the date of the injury, and that he returned on at least one occasion before March 8, when Diamond actually filed a report of the injury.
The trial court has wide discretion to determine workmen's compensation cases and may choose not to accept the opinions of medical experts; however, it cannot ignore undisputed evidence.Malone v. ConAgra Poultry, Inc., 595 So.2d 897 (Ala.Civ.App. 1992). In this case, Tarver's uncontradicted testimony was to the effect that he had suffered an injury to his back while at work. The uncontradicted testimony of Drs. Nepomuceno and Crunk was that the injury was a contributing cause to Tarver's disability. Thus, there is no legal evidence to support the trial court's finding that Tarver had not established that an accident had occurred in the line and scope of his employment with Diamond.
The trial court found that Tarver's blindness was the root cause of his disability. A careful review of the record reveals that although Tarver had symptoms of Stargardt's Disease dating to 1980, he was not diagnosed as having the disease until after he started to work with Diamond. In fact, Tarver's VA hospital records indicated that he was diagnosed with Stargardt's disease on October 22, 1990, months after his employment at Diamond had been terminated. There was no evidence to support the trial court's finding that Tarver's disability was caused by Stargardt's disease.
This court has stated that "[a] preexisting condition will not affect a workmen's compensation award if a job-related injury combined with that preexisting condition to produce disability." Reynolds Metals Co. v. Stults, 532 So.2d 1035,1038 (Ala.Civ.App. 1988). Furthermore, if a previous injury or infirmity has not demonstrated itself as disabling and has not prevented the employee from performing his job in a normal manner, then the preexisting condition or disability does not disqualify the claim under the "arising out of and in the course of his employment" requirement of the statute. BlueBell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App. 1985); *Page 211 Ex parte Lewis, 469 So.2d 599 (Ala. 1985).
We find that the trial court erred in denying Tarver's claim for workmen's compensation benefits based on the preexistence of his Stargardt's disease. Tarver's undisputed testimony was that before his back injury, his job performance was not affected by any problems with his eyes.
The judgment of the trial court is reversed. This cause is remanded for the trial court to make a determination of disability consistent with this opinion and to enter judgment accordingly.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.