This is a worker's compensation case.
Billy J. Holmes began working for Gold Kist, Inc., in its poultry processing plant in 1986. During most of his employment there, he worked as a grader, lifting chickens from a conveyor belt at waist level and hanging them on a grading line about two feet in front of him. He was required to do this 26 to 30 times per minute. Holmes testified that hanging the birds often required him to bend at the waist and lean forward.
Holmes began to suffer some back pain in 1988. He received medical treatment, and his condition improved. In July 1989, when he had a recurrence of pain, he was examined by Dr. Paul Protz. Dr. Protz treated Holmes nine times in 1989 and diagnosed Holmes with inflammation of the lumbar disc area and surrounding muscles of the lower back. At the time of treatment, both Holmes and Dr. Protz associated the back problems with an injury that had occurred in or about August 1988 on an occasion when Holmes was carrying bricks. There is some dispute as to whether Holmes injured his back in a fall from his roof in August 1988. In his deposition, Dr. Protz stated that "it would be likely that" a repetitive process such as Holmes's job "could cause some back problems."
After treatment and a period of recovery, Holmes returned to work. In September 1992, he had a recurrence of back pain that became severe enough to prevent him from continuing work. His last day of work was September 25, 1992.
Holmes sought further treatment from Dr. William Hartzog, an orthopedic surgeon, on October 7, 1992. Dr. Hartzog's office notes reflect that he diagnosed a chronic repetitive injury caused by Holmes's job. Dr. Hartzog continued to treat Holmes through June 1993. During the treatment, Holmes continued to have a great deal of pain in his lower back, and Dr. Hartzog concluded that Holmes would be unable to return to any form of physical labor.
Holmes was also examined by Dr. Zenko Hrynkiw, a neurosurgeon, on November 24, 1992, and December 7, 1992. Dr. Hrynkiw found degenerative spine disease, but did not believe that surgery would help Holmes's back.
The trial court found that Holmes is totally and permanently disabled because of a back injury, but found insufficient evidence of a causal relationship between Holmes's disability and his job. Holmes appeals from this judgment.
Because Holmes's injury occurred in September 1992, the new Alabama Workers' Compensation Act applies. § 25-5-1 et seq., Ala. Code 1975.
The standard of review this court must apply in cases falling under the new Act is derived from § 25-5-81(e)(1), which provides: "In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness." Furthermore, the new Act provides that "[i]n reviewing pure findings of fact, the finding of *Page 451 
the circuit court shall not be reversed if that finding is supported by substantial evidence." § 25-5-81(e)(2).
In deciding whether substantial evidence supports the trial court's judgment, we must "view the facts in the light most favorable to the findings of the trial court," and "[t]he trial court's judgment will not be reversed unless it is clear that the trial court's findings are manifestly contrary to the evidence contained in the record as a whole or unless it is clear that fair-minded persons in the exercise of impartial judgment would adopt a contrary conclusion." Whitsett v. BAMSI,Inc. 652 So.2d 287, 290 (Ala.Civ.App. 1994).
In reviewing workers' compensation cases, we are ever mindful that the Workers' Compensation Act is to be liberally construed to accomplish its beneficent purposes, and doubts must be resolved in favor of the employee. Scott Paper Co. v.Smith, 600 So.2d 269 (Ala.Civ.App. 1992); Whitsett, supra, at 294.
The trial court found that Holmes is permanently and totally disabled, but denied him workers' compensation benefits because it found insufficient proof that his job caused or contributed to his back injury. Instead, the trial court found that Holmes's back condition was precipitated by a 1988 injury, and was, therefore, not attributable to his work. We disagree. It is well established that "[a] preexisting condition will not affect a workmen's compensation award if a job-related injury combined with that preexisting condition to produce disability." Tarver v. Diamond Rubber Products Co.,664 So.2d 207 (Ala.Civ.App. 1994); Reynolds Metals Co. v.Stults, 532 So.2d 1035, 1038 (Ala.Civ.App. 1988). Additionally, if the previous injury has not demonstrated itself as disabling and has not prevented the employee from performing his job in a normal manner, then the previous injury will not disqualify the claim under the "arising out of and in the course of his employment" requirement of the statute.Tarver, supra, at 210, citing Blue Bell, Inc. v. Nichols,479 So.2d 1264 (Ala.Civ.App. 1985); Ex parte Lewis, 469 So.2d 599
(Ala. 1985). Preexisting injury is defined in terms of its effect on the employee's ability to earn. The existence of an infirmity that does not prevent an employee from performing his duties without modification, or from working "as a normal man," does not affect a compensation award. Gold Kist, Inc. v. Nix,519 So.2d 556, 557 (Ala.Civ.App. 1987).
The evidence shows that Holmes's back had been previously injured and that his problem with his back was aggravated by his job duties. He should, therefore, be entitled to recover under the Workers' Compensation Act. It is uncontroverted that Holmes's previous non-work-related back injury occurred in 1988, and that he continued to be able to perform his duties in a normal manner until September 25, 1992. In September 1992, Gold Kist began to process heavier chickens, which Holmes was required to handle on his line. He testified that, because of the more strenuous workload, his back began to hurt to the point that he could no longer work. His doctors testified that the nature of his work (bending, lifting, etc.) probably, over the course of time, caused his back problems. Because Holmes was able to work in a normal manner for a significant time after the incident to which Gold Kist seeks to attribute his inability to work, we conclude that the trial court's finding that Holmes's injury is not job-related was manifestly contrary to the evidence in the record and that fair-minded persons in the exercise of impartial judgment would conclude that the injury is work-related.
The judgment of the trial court is reversed and the cause is remanded for the entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN and CRAWLEY, JJ., dissent.