On August 8, 1994, Mary D. Carufel filed a complaint in the Randolph County Circuit Court against her employer, Hub Trucking, Inc., seeking workers' compensation benefits. She alleged that she had suffered an injury to her back and right leg as the result of an accident arising out of and in the course of her employment on October 6, 1993. Hub answered on October 31, 1994.
On December 15, 1994, the trial court entered an order stating that the parties had stipulated in open court that Carufel had "sustained a compensable on-the-job injury in the line and scope of her employment with [Hub] and is entitled to benefits under the Workers' Compensation Laws of Alabama." Following an ore tenus proceeding on September 28, 1995, the trial court entered a judgment on December 28, 1995, stating in pertinent part:
 "[Carufel] alleges that she hurt her back on October 6, 1993, when she was attempting to move some pallets with a pallet jack. [Carufel] also alleges that she suffers from a work-related phlebitis condition.
 "[Hub] denies responsibility for [Carufel's] phlebitis condition on the grounds that it did not arise out of, or was suffered within the line and scope of, her employment with [Hub]. . . .
 "The Court has reviewed the deposition testimony of all the treating physicians and cannot find any evidence which relates *Page 201 
[Carufel's] phlebitis condition to her work-related back injury.
 "As to [Carufel's] back injury, Dr. Gaylon Rogers testified that [Carufel] has reached maximum medical improvement (MMI) and that [Carufel] has no permanent partial impairment and has released [Carufel] to full duty with no restrictions.
". . . .
 "Dr. McCrimmon and Dr. [Canup] testified that [Carufel's] phlebitis condition was not caused by, nor was it related to, her back injury. . . .
". . . .
 "Based on the testimony and exhibits received in evidence, the Court finds that [Carufel's] phlebitis condition is not related to her employment and that said condition did not arise out of, and was not suffered in the line and scope of her employment with [Hub]. [Hub] shall not be responsible for any payments for compensation, vocational, and/or medical benefits for [Carufel's] phlebitis condition.
". . . .
 "The Court finds that [Carufel] does not have any permanent partial impairment and is fully able to return to full gainful employment based on the medical testimony that [she] has reached maximum medical improvement (MMI) and that [Carufel] has no permanent partial impairment and was released to full duty without restrictions. [Hub] does not owe any further compensation to [Carufel]."
Carufel appeals, raising one issue: (1) whether the trial court erred in determining that her phlebitis was not related to her employment.
Carufel's injury occurred on October 6, 1993; therefore, the new Workers' Compensation Act is controlling. The standard of review of a workers' compensation case under the new Act was stated by our Supreme Court in Ex parte Trinity Industries,Inc., 680 So.2d 262 (Ala. 1996):
 "We will not reverse the trial court's finding of fact if that finding is supported by substantial evidence — if that finding is supported by 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
680 So.2d at 268 (quoting West v. Founders Life Assurance Co.,547 So.2d 870, 871 (Ala. 1989)). See also, § 25-5-81(e)(2), Ala. Code 1975.
Carufel contends that she suffered two injuries on October 6, 1993, a back injury and an injury to her right leg that she says resulted in her developing phlebitis. She also contends that the trial court erred by failing to find that she had suffered an injury to her right leg that resulted in her developing phlebitis.
The record reveals the following pertinent facts. Carufel began working for Hub as a truck driver in July 1992. Carufel testified that on October 6, 1993, she was unloading pallets of canned goods off her trailer at a Bruno's store in Birmingham and that the loading dock was lower than her trailer and that this fact required her to use a pallet jack to lower the pallets off the trailer. She testified that there was something wrong with the pallet jack that caused the pallets to slip off the pallet jack, and that several times the pallets slipped and hit her in the right calf. Carufel also testified that once the pallets were unloaded she had to pull them up a "little incline" and that while doing so she felt pain in her back.
Carufel testified that she told all of her doctors that she had injured her back while unloading pallets of canned goods and that she had injured her right leg when the pallet jack slipped several times and the pallets hit her right calf. She also testified that she had not had phlebitis before October 6, 1993, and that she had been able to perform her job without any problems before October 6, 1993.
Carufel's medical records reflect that she was treated at Wedowee Hospital on October 10, 1993, for back and right leg pain, bruising around her right ankle, and swelling of her right leg from the ankle to the knee. Carufel was treated by Wedowee Hospital Clinic from October 13, 1993, through October 26, 1993, for back and leg pain, swelling of her right leg, and swelling and bruising of the *Page 202 
right ankle. The clinic referred Carufel to an orthopedic surgeon, Dr. C.H. McCrimmon, on November 4, 1993. Dr. McCrimmon admitted Carufel to the Northeast Alabama Regional Medical Center on November 5, 1993, after a venogram, the injection of dye into a vein to disclose the presence of blood clots, showed the presence of blood clots in Carufel's right leg. Dr. McCrimmon testified by deposition that he was concerned that Carufel had phlebitis, blood clots, as well as sciatic pain and that he called in Dr. Neal Canup, a family practitioner, to consult regarding Carufel's phlebitis.
Dr. Canup testified by deposition that he initially saw Carufel while she was in the hospital, that he determined that Carufel had phlebitis in her right leg, and that he placed Carufel on Cumadin, an anticoagulant, to treat her phlebitis. He continued to treat Carufel's phlebitis up through the date of his deposition, April 11, 1995. Dr. Canup also testified that trauma to the calf can cause phlebitis and that Carufel's description of her injury to her right leg was consistent with developing phlebitis.
We think it important that Carufel alleged in her complaint that she had suffered an injury to her back and to her right leg and that at trial she offered evidence regarding both injuries. Carufel's undisputed testimony was that she had injured her back and her right leg on October 6, 1993. Carufel's medical records show that on October 10, 1993, her right leg was swollen from her ankle to her knee and that there was bruising around her right ankle. The trial court has wide discretion in workers' compensation cases; however, it cannot ignore undisputed evidence. Tarver v. Diamond Rubber ProductsCo., 664 So.2d 207 (Ala.Civ.App. 1994).
Consequently, we conclude that the trial court erred by failing to find that Carufel had suffered an injury to her right leg on October 6, 1993, and by failing to consider whether that injury caused, contributed to, or aggravated Carufel's phlebitis in her right leg. Therefore, we reverse that portion of the judgment of the trial court holding that Carufel's phlebitis did not arise out of and in the course of her employment and we remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and CRAWLEY, JJ., concur.