L. CHARLES WRIGHT, Retired Appellate Judge.
In 1989 Jeffrey Scott Benton injured his back while employed by Winn-Dixie Montgomery, Inc., herniating the disc between the fourth and fifth lumbar vertebrae (“L4-5”). Dr. Patrick Ryan, a neurosurgeon, performed a lumbar laminectomy in November 1989. Dr. Ryan performed a second lumbar laminectomy in January 1990 to repair a recurrent herniation, and in November 1992 he performed a posterolateral fusion at L4-5, L5-S1 (the fifth lumbar vertebra and the first sacral vertebra). Following that surgery, Benton remained in the care of Dr. Ryan until November 1993, when he was released by Dr. Ryan. Benton subsequently settled his workmen’s compensation claim against Winn-Dixie; however, his medical benefits remained open.
In July 1994 Benton was involved in an automobile accident. Subsequent to that accident, Dr. Ryan discovered a fracture of the fusion mass. Ultimately, in January 1996, surgery was performed to repair the fusion at L4-5, and L5-S1, with a fracture being found at L5-S1. The repair at L4-5 was necessitated by a condition known as pseu-doarthrosis, which occurs when a fusion fails to adhere to the bone.
In May 1996 Benton sued his former employer, Winn-Dixie, seeking, inter alia, medical benefits for the back surgery that he had in January 1996. Winn-Dixie denied responsibility for the medical expenses related to the 1996 surgery. A bench trial was held, where all the evidence was introduced in the form of depositions and documents. The trial court entered a judgment in favor of Winn-Dixie, holding that Benton had failed to establish a causal connection between his 1996 back surgery and his 1989 injury.
Benton appeals, contending that the undisputed evidence shows that his pseudoarthro-sis resulted from his 1989 injury, that the 1989 injury contributed to, or caused, his fusion fracture, and that the trial court erred *497 in entering a judgment in favor of Winn-Dixie.
Benton’s original injury occurred in 1989; therefore, the “Old Act” applies. Under the “Old Act,” our scope of review is a two-pronged standard — whether there is any legal evidence to support the findings of the trial court, and if so, whether any reasonable view of that evidence supports those findings. Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991). However, the trial court is not free to disregard undisputed evidence in order to support its findings. Tarver v. Diamond Rubber Products Co., 664 So.2d 207, 210 (Ala.Civ.App.1994).
The record reveals the following pertinent facts: Dr. Ryan testified, via his deposition, that Benton’s pseudoarthrosis was not a result of trauma, but resulted from the failure of the 1992 fusion to adhere to Benton’s spine. Dr. Ryan did testify that the fracture of the fusion mass was the result of trauma. However, he explained that without the original injury to Benton’s back, the fusion would not have been present at the time of the accident. He further testified that the condition of Benton’s back (lumbar instability, pos-terolateral fusion and the fact that the L4-5 level was not fused) put additional stress on L5-S1, therefore making it more likely to fracture. Dr. Ryan opined that both the 1989 injury and the accident contributed to the fracture.
In the instant case Benton had the burden of proving a causal connection between the injury for which he sought compensation and the original, compensable injury. Erwin v. Harris, 474 So.2d 1125, 1127 (Ala.Civ.App.1985). Dr. Ryan’s testimony was undisputed that both Benton’s 1989 injury and the intervening trauma contributed.to Benton’s condition, which necessitated surgery. The trial court held that Benton failed to establish a causal connection between the 1989 injury and the 1994 accident that necessitated the 1996 surgery for which he sought medical benefits.
After carefully reviewing the record, we conclude that the trial court’s finding is not supported by the undisputed evidence; therefore, the judgment of the trial court is due to be reversed.
The judgment of the trial court is reversed and the case is remanded for the trial court to enter a judgment consistent with this order, holding Winn-Dixie responsible for Benton’s medical bills according to the terms of the original workmen’s compensation settlement.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE and THOMPSON, JJ., dissent.