CRAWLEY, Judge,
concurring in part and dissenting in part.
I agree with the portion of the opinion regarding the payment of unauthorized medical expenses. I must dissent as to the portion of the opinion reversing the trial court’s judgment finding that Oberkor had a preexisting condition. See Holmes v. Gold Kist, Inc., 673 So.2d 449 (Ala.Civ.App.1995) (Crawley, J., dissenting).
I conclude that the trial court properly applied § 25-5-57(a)(4)e. and § 25-5-58, Aa. Code 1975. Section 25-5-57(a)(4)e. provides:
“ If an employee has a permanent disability or has previously sustained another injury than that in which the employee received a subsequent permanent injury by accident, as is specified in this section defining permanent injury, the employee *1272 shall be entitled to compensation only for the degree of injury that would have resulted from the latter accident if the earlier disability or injury had not existed.”
Section 25-5-58 provides:
“If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.”
The trial court had before it conflicting evidence regarding whether Oberkor’s 1993 work-related accident caused any disability in addition to that caused by the injury she received in 1992 that was not work-related. In its judgment, the trial court stated that it relied on the testimony of Dr. Jon Widener, who testified that Oberkor had received no disability from the 1993 work-related accident and that any disability she has was caused solely by the 1992 accident that was not work-related. I conclude that Dr. Widener’s testimony is substantial evidence that Oberkor did have a preexisting condition. I would affirm the trial court’s judgment in all respects.
THOMPSON, J, concurs.