881 So.2d 437 (2003)
Ex parte USX CORPORATION.
(In re USX CORPORATION
v.
Judith A. BRADLEY).
1020684.
Supreme Court of Alabama.
September 26, 2003.
Rehearing Denied November 21, 2003.
*439 Neil Richard Clement of Adams & Reese/Lange Simpson, LLP, Birmingham, for petitioner.
Samuel Maples, Birmingham, for respondent.
Gregory C. Cook and Ed R. Haden of Balch & Bingham, LLP, Birmingham, for amicus curiae Alabama Self-Insurers Association, in support of the petitioner.
PER CURIAM.
Judith A. Bradley worked for the USX Corporation ("USX") from 1978 to 1980 and then again from 1990 until April 26, 1999, when she quit her job. Bradley was injured on March 26, 1997, while she was employed as a bander for USX.[1] While Bradley was banding one coil, another coil of sheet steel came out of the coiling machine and struck her on her head. The impact knocked Bradley to her hands and knees, and she lost her hard hat. The steel coil began to pile on top of Bradley, and she attempted to hold it off with her hands. When Bradley was pulled from under the coil by her coworkers, she was bleeding from her head and complaining of pain in her right wrist and left knee.
Bradley's hospital record for the March 26, 1997, injury indicates that she suffered abrasions to her left knee and right forearm and a laceration to her scalp. According to Bradley, she returned to light-duty (office) work for three months following the accident but during this time complained to coworkers and family of pain in her right wrist.[2] Also during this three-month period Bradley wore a wrist brace at work that was prescribed by Dr. Cheryl Szabo, the plant doctor. When Bradley returned to her duties as a bander, the pain in her right wrist rendered her unable to lift her work tools and thus unable to perform her duties as she had before the injury.
In April 1998, Bradley consulted an orthopedic surgeon, Dr. Donald W. Autry. Dr. Autry noted that Bradley complained of pain over the anterior margin of the ulnar side of her wrist. He ordered a nerve-conduction study; the study indicated no evidence of ulnar nerve entrapment, which would indicate carpal tunnel syndrome. However, a lipoma (a fatty tumor) was located on her ulnar nerve and there was inflammation in the flexar carpal ulnar area. When the lipoma was removed, Dr. Autry noted scarring and inflammation around Bradley's flexor tendons, which could have been caused by the March 26, 1997, accident.
*440 In May 1998, Bradley saw Dr. Szabo and asked whether the lipoma could have been related to her March 26, 1997, accident. Dr. Szabo told Bradley that it was not related because no injury to the right wrist had been documented at the emergency room following the March 26 accident and because Bradley had not complained to Dr. Szabo of wrist pain during her prior visits. Dr. Szabo also indicated that a lipoma is rarely caused by a trauma.
In June 1998, Bradley was moved to a different position at work  one that did not require lifting. She continued to suffer pain in her wrist. Bradley's personality at work had changed from friendly and outgoing to withdrawn and depressed, and she tended to cry while she was at work. Also in June 1998, Dr. Autry referred Bradley to Dr. Robert Craddock for a neurological evaluation. Dr. Craddock did not find a neurological deficit in Bradley's wrist, but he did give her injections to alleviate her pain. Dr. Autry released Bradley to return to work without restriction in August 1998.
Bradley's second work-related injury occurred on September 2, 1998, when she stepped into a depression in the floor at the plant and fell, fracturing her left lower leg and her left ankle. When Bradley returned to work in January 1999, she was assigned a 10% permanent partial impairment to her left foot.[3] Bradley could no longer wear her regular-sized work boots and had to wear a brace on her left leg and a larger boot. Bradley claimed that wearing the brace and the oversized boot caused her to limp and that she could not perform her work duties as she had before the September 1998 accident.
In late January 1999, Bradley saw Dr. Frank Miller, complaining of bilateral shoulder pain, weakness in her hands, back pain that radiated to her hips, and pain in her lower legs. During her office visit Bradley became emotional and told Dr. Miller that she had considered suicide because of the pain and the persistent problems relating to her injury. Dr. Miller stated that Bradley was "morbidly depressed" and ordered numerous tests, including a nerve-conduction velocity electromyogram on her wrist. USX asserts that this visit was the first time in the two years following the first accident that Bradley had mentioned being depressed.
In February 1999, Dr. Autry ordered another nerve-conduction study to determine the source of Bradley's wrist pain. After the study, Dr. Autry diagnosed Bradley as having right carpal tunnel syndrome in her right wrist. On April 26, 1999, Bradley quit her job at USX. On April 28, 1999, Dr. Autry performed carpal-tunnel-release surgery on Bradley's right wrist. According to Dr. Autry, carpal tunnel syndrome is primarily caused by repetitive motion, but it can also be caused by a one-time acute trauma.
In July 1999, Dr. Autry attempted to obtain light-duty work for Bradley at USX but was informed that no light-duty work was available. Additionally, Bradley reported to Dr. Miller in September 1999 that she continued to have pain in her wrist, that she had begun having panic attacks, and that she was unable to drive.
The trial court found, based upon Bradley's testimony, Dr. Autry's deposition testimony, the testimony of Bradley's witnesses, and various medical records, that "[Bradley's] claim of permanent disabling compensable injury to her right wrist [was] supported by substantial evidence." *441 The trial court concluded that the disability was a combined result of the March 1997 and September 1998 accidents. The trial court concluded that Bradley's physical and psychological injuries rendered her permanently and totally disabled.
The Court of Civil Appeals affirmed the trial court's judgment. USX Corp. v. Bradley, 881 So.2d 421 (Ala.Civ.App.2003). Although the Court of Civil Appeals was split over the several issues that were before the court, a majority of the court concurred as to the proper burden of proof to be applied in carpal-tunnel-syndrome cases. The Court of Civil Appeals agreed with the trial court that carpal tunnel syndrome may be caused by a one-time acute trauma and in that event would thus require proof by a the preponderance of the evidence. The Court of Civil Appeals also held that the trial court's findings based upon disputed evidence were conclusive in a workers' compensation case. We granted certiorari review on the sole issue whether the burden of proof in all carpal-tunnel-syndrome cases  whether the carpal tunnel syndrome was caused by repetitive motion or by acute trauma  must be clear and convincing evidence.

Standard of Review
An appellate court reviews the burden of proof applied at trial and other legal issues in workers' compensation claims without a presumption of correctness. § 25-5-81(e)(1), Ala.Code 1975; Ex parte Drummond Co., 837 So.2d 831, 832 (Ala.2002). A circuit court's judgment based on pure findings of fact will not be reversed if those facts are supported by substantial evidence. § 25-5-81(e)(2), Ala.Code 1975; Ex parte Drummond Co., 837 So.2d at 832. Substantial evidence is "`evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte Trinity Indus., Inc., 680 So.2d 262, 269 (Ala.1996)(quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)); Ceasco, Inc. v. Byrom, [Ms. 2010541, Nov. 15, 2002] ___ So.2d ___ (Ala.Civ.App.2002). An appellate court must view the facts in the light most favorable to the findings of the trial court. Ceasco, ___ So.2d at ___.

Issue and Analysis

Burden of Proof for Carpal-Tunnel-Syndrome Claims
We granted certiorari review in this case to determine whether the burden of proof for all carpal-tunnel-syndrome claims is clear and convincing evidence, as USX and the two dissenting judges on the Court of Civil Appeals suggest. We hold that clear and convincing evidence is not the required burden of proof in all carpal-tunnel-syndrome claims, and we affirm the judgment of the Court of Civil Appeals as to that issue.
Whether the burden of proof for all carpal-tunnel-syndrome claims must be clear and convincing evidence.
The Legislature provided the proper burden of proof in a workers' compensation case:
"The decision of the court shall be based on a preponderance of the evidence as contained in the record of the hearing, except in cases involving injuries which have resulted from gradual deterioration or cumulative physical stress disorders, which shall be deemed compensable only upon a finding of clear and convincing proof that those injuries arose out of and in the course of the employee's employment."
§ 25-5-81(c), Ala.Code 1975 (emphasis added). Thus, for a clear-and-convincing evidentiary burden to apply, the injury *442 must be the result of gradual deterioration or cumulative physical stress disorders. § 25-5-81(c), Ala.Code 1975.
The Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975 ("the Act"), defines injury as "only injury by accident arising out of or in the course of employment" or an "occupational disease or [a disease that] results naturally and unavoidably from the accident." § 25-5-1(9), Ala.Code 1975. Injury also includes "physical injury caused either by carpal tunnel syndrome disorder or by other cumulative trauma disorder if either disorder arises out of and in the course of the employment." § 25-5-1(9), Ala.Code 1975 (emphasis added).
When determining medical causation in a workers' compensation case, the trial court should look at the totality of the evidence, including both medical and lay testimony, and determine causation on a case-by-case basis. Clanton v. Hudson Foods, Inc., 594 So.2d 141, 143 (Ala.Civ.App.1991). Furthermore, the trial court is given wide discretion in workers' compensation cases. Malone v. ConAgra Poultry, Inc., 595 So.2d 897, 899 (Ala.Civ.App.1992).[4]
"When interpreting a statute, [a court] must read the statute as a whole because statutory language depends on context; [a court] will presume that the Legislature knew the meaning of the words it used when it enacted the statute." Bean Dredging, L.L.C. v. Alabama Dep't of Revenue, 855 So.2d 513, 517 (Ala.2003)(citing Ex parte Jackson, 614 So.2d 405, 406-07 (Ala.1993)). Additionally, legislative intent should be given effect whenever it is manifested within a statute. State v. Union Tank Car Co., 281 Ala. 246, 248, 201 So.2d 402, 403 (1967). If a statute uses plain language a court must interpret the language to mean exactly what it says and give the words their plain, ordinary, and commonly understood meaning. Bean Dredging, L.L.C., 855 So.2d at 517 (citing Ex parte Shelby County Health Care Auth., 850 So.2d 332 (Ala.2002)).
USX asserts that because carpal tunnel syndrome is referred to as a cumulative trauma disorder in the preamble to the Act and in the definition of injury provided by the Legislature, the trial court in determining whether the worker has suffered a cumulative physical stress disorder must apply the clear-and-convincing evidentiary standard, regardless of whether the injury was cumulative or traumatic.[5] We disagree.
USX is correct in noting that the Legislature recognizes carpal tunnel syndrome as a cumulative stress disorder, but it fails to recognize that the Legislature mentions carpal tunnel syndrome as an example of a cumulative stress injury. See § 25-5-1(9), Ala.Code 1975; Act No. 92-537, § 1, Ala. Acts 1991. The Legislature also included within the definition of injury a disease that results naturally and unavoidably from the accident. § 25-5-1(9), Ala.Code *443 1975. The Legislature specifically stated that workers' compensation cases should be decided based upon the merit of each individual case and that the Act is to be liberally construed to effectuate the Act's intended purpose, i.e., to protect workers, using the proper burden of proof. Act No. 92-537, § 1, Ala. Acts 1992; Cooper v. Nicoletta, 797 So.2d 1072, 1078 (Ala.2001); Ex parte Usrey, 777 So.2d 66, 72 (Ala.2000) (citing Culbreth v. Woodham, 599 So.2d 1120, 1123 (Ala.1992)).
The Legislature's intent is clear, and the language of the statute unambiguous. The Act does not provide that the clear-and-convincing-evidence burden of proof should apply to all carpal tunnel injuries. Rather, it states that the clear-and-convincing-evidence burden of proof shall apply to injuries resulting from gradual deterioration or cumulative physical stress disorders. Thus, the burden of proof that should apply depends upon whether the injury was caused by a traumatic accident or by a gradual deterioration or cumulative stress. The cause of the injury is a determination for the trial court, just as is the applicable burden of proof. Therefore, if the trial court determines that the injury is not caused by gradual deterioration or cumulative stress but rather by a one-time acute trauma, or accident, the proper burden of proof is the preponderance of the evidence.
The trial court should look at the totality of the evidence in determining the cause of the injury. Additionally, the trial court is given wide discretion in workers' compensation cases. If the medical evidence indicates that a carpal tunnel injury was caused by a one-time acute trauma, it is not only within the trial court's discretion, but it is its duty under the Act, to apply the preponderance-of-the-evidence burden of proof.
We recognize that the majority of carpal tunnel injuries are caused by gradual deterioration or repetitive motion and, thus, that the clear-and-convincing-evidence burden of proof will apply. However, we cannot ignore the medical possibility, as evidenced by the testimony in this case, that in some cases it is medically possible for carpal tunnel syndrome to result from a one-time acute trauma. The trial court must determine the cause of the carpal tunnel injury and then apply the proper burden of proof. If the trial court determines that the injury was caused by a one-time acute trauma or accident, the preponderance-of-the-evidence burden of proof will apply, in accordance with the burdens set forth by the Legislature in § 25-5-81, Ala.Code 1975.
The Court of Civil Appeals was correct in holding that the clear-and-convincing-evidence burden of proof did not apply to Bradley's carpal-tunnel-syndrome claim. Because Bradley's carpal tunnel syndrome was caused by a one-time acute trauma, the correct burden of proof was a preponderance of the evidence.

Conclusion
We affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
STUART, J., concurs specially.
STUART, Justice (concurring specially).
I concur with the majority opinion, but I disagree with the majority's refusal to address the trial court's improper use of the "substantial evidence" standard and the Court of Civil Appeals' application of an improper standard of review. USX is *444 challenging the trial court's application of the burden of proof to the facts of this case. While USX's statement of its ground of conflict is inartful, I believe that by drawing this Court's attention to the trial court's use of the substantial-evidence standard, USX seeks our review of the burden of proof applied in these type cases. Indeed, the main issue before us is whether the Court of Civil Appeals properly affirmed the trial court's determination regarding the burden of proof to be applied in this case.
The Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975, provides two evidentiary burdens in workers' compensation cases. The burden of proof is a preponderance of the evidence, except in those cases where the injury is caused by gradual deterioration or cumulative physical stress disorders, in which case the burden of proof is clear and convincing evidence. § 25-5-81(c), Ala.Code 1975. Therefore, there are only two possible evidentiary burdens of proof applicable in a workers' compensation claim  a preponderance-of-the-evidence burden or a clear-and-convincing-evidence burden, depending upon the injury.
Preponderance of the evidence is "[t]he greater weight of the evidence; superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." Black's Law Dictionary 1201 (7th ed.1999). See also Germany v. State, 630 So.2d 132, 136 (Ala.Crim.App.1993)(stating "[a] `preponderance of the evidence' is `[e]vidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not.' Black's Law Dictionary 1064 (5th ed.1979)"); Johnson v. Wyoming, 23 P.3d 32, 36 (Wyo.2001)(court, addressing a worker's compensation claim, stated, "[t]he concept of `preponderance of the evidence' is defined as `proof which leads the trier of fact to find that the existence of a contested fact is more probable than its non-existence'"); Greenwich Collieries v. Director, Office of Workers' Compensation Programs, 990 F.2d 730, 733 (3d Cir.1993); and Smith v. United States, 726 F.2d 428 (8th Cir.1984). Clear and convincing evidence, for purposes of the Alabama Workers' Compensation Act, means
"evidence that, when weighted against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt"
§ 25-5-81(c), Ala.Code 1975. These are the only two burdens of proof that may apply in a workers' compensation case: clear and convincing evidence and a preponderance of the evidence.
In addition to the two burdens of proof that may apply in the trial court, there are two appellate standards of review for workers' compensation claims. See § 25-5-81(e)(1) and (2), Ala.Code 1975. An appellate court must review the burden of proof applicable in the trial court and other legal issues without a presumption of correctness and must apply a substantial-evidence standard when reviewing pure findings of fact. Id.
A presumption is "[a] legal inference or assumption that a fact exists, based on the known or proven existence of some other fact or group of facts." Black's Law Dictionary 1203 (7th ed.1999). Thus, "without *445 a presumption of correctness" means that the appellate court indulges no legal inference or assumption that the ruling by the trial court on a legal issue is correct. Substantial evidence is" `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte Trinity Indus., 680 So.2d at 269 (quoting West v. Founders Life Assurance Co., 547 So.2d at 871); see also Black's Law Dictionary 580 (7th ed.1999)(substantial evidence is "[e]vidence that a reasonable mind would accept as adequate to support a conclusion").
In this case a substantial-evidence burden of proof was applied in the trial court  a lower burden than the preponderance of the evidence required by the Act. Cf. Olney v. Cooch, 425 A.2d 610, 614 (Del.1981)("Substantial evidence has been defined to mean `such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' ... Substantial evidence is `more than a scintilla and less than a preponderance....'"). Because substantial evidence is the appellate standard of review and is a lesser burden of proof than the minimum preponderance burden required by the Act in trials of workers' compensation claims, the trial court erred in weighing the evidence.
Moreover, I note that the Court of Civil Appeals improperly applied a substantial-evidence standard in determining whether the proper burden of proof for the carpal-tunnel-syndrome claim was applied in the trial court  specifically, whether the burden should have been clear and convincing evidence. Because the Court of Civil Appeals was reviewing the burden of proof used in the trial court in a workers' compensation claim  a legal rather than factual issue  the Court of Civil Appeals should have been reviewing the trial court's decision without a presumption of correctness, the proper standard of review under the Act.
NOTES
[1] A "bander" uses a control panel to wind large coils of sheet steel and then uses air tools to "band" the coil with a steel band so the coil will not unwind. The coils weigh between 10,000 and 50,000 pounds.
[2] Dr. Cheryl Szabo, the plant medical doctor, testified that she saw Bradley on March 27 and 31, 1997, and that Bradley did not complain of wrist pain. According to Dr. Szabo, Bradley returned to full-duty work without restrictions on April 27, 1997. Bradley stated that she did complain of wrist pain to Dr. Szabo on both occasions.
[3] USX asserts that Bradley was released for work with no limitations and that her ankle had healed with good alignment.
[4] In Malone, the employee developed carpal tunnel syndrome after only a few days on the job. 595 So.2d at 898. There was medical testimony indicating that the time it takes a worker to develop carpal tunnel syndrome is highly variable and that it is possible for carpal tunnel syndrome to develop within only a few days of beginning repetitive work. Id.
[5] We note that USX, when stating this ground of conflict, questioned in a footnote the trial court's reference to "substantial evidence" as Bradley's burden of proof. USX notes that § 25-5-81(c), Ala.Code 1975, specifically provides that the burden of proof could be only a preponderance of the evidence or clear and convincing evidence. Because USX did not specifically state the trial court's reference to "substantial evidence" instead of one of the proper burdens of proof as a ground of conflict, we do not address this issue.